James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>                    Defendant. | Case No. J02-011 CV (JWS)<br><br>SCHEDULING AND PLANNING<br>CONFERENCE REPORT |

1. **Meeting.** In accordance with F.R.Civ.P. 26(f), a telephonic meeting of counsel was held on January 10, 2006, and was attended by:

James N. Reeves, attorney for plaintiff Anthony Moran

Shane Carew, attorney for defendant Estate of Carl Aase

The parties recommend the following:

2. **Pre-Discovery Disclosures.** The information required by F.R.Civ.P. 26(a)(1) will be exchanged by the parties by February 10, 2006.

Disclosures and discovery will be supplemented every 30 days as necessary.

Preliminary witness lists will be exchanged by the parties by February 10, 2006.

3. **Contested Issues of Fact and Law.** Preliminarily, the parties expect the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

following issues of fact and/or law to be presented to the court at trial in this matter:

1. What are the requirements and limitations and terms and conditions of the Glacier Bay Commercial Fisheries Compensation Program?

2. What interest(s) did Mr. Aase hypothecate to his creditor Northwest Farm Credit Services pursuant to the preferred ship mortgage?

3. What interest(s) did Mr. Moran acquire pursuant to the Marshall's sale?

4. What was the intention of each of the parties concerning the "Addendum" document?  What intentions and understandings did they manifest to one another or to third parties?  What interest(s) if any did Mr. Moran acquire pursuant to the Addendum?

5. What standing does the Estate or its personal representative have to assert or maintain a claim for GBCFCP compensation or to challenge the assertion of a claim by some other party such as Mr. Moran?

6. Whether Mr. Moran failed to exhaust his administrative remedies by not appealing the agency's denial of his application for individual permit holder compensation under the Glacier Bay Commercial Fisheries Compensation Program.

7. Whether the agency's award to Mr. Aase should stand, the estate be dismissed, and Mr. Moran be allowed to appeal the denial of his own claim.

8. Whether Mr. Moran has standing to object to the National Park Service having awarded Carl Aase his individual permit holder compensation.

9. Whether 31 United States Code § 3727 bars the assignment to Mr. Moran of Mr. Aase's rights and compensation under the Glacier Bay Commercial Fisheries Compensation Program.

10. Whether Mr. Moran met all the criteria to qualify for individual permit holder compensation under the Glacier Bay Commercial Fisheries Compensation

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Program.

  11. Whether in addition to vessel rights under the License Limitation Program (50 C.F.R. § 679.4(k)), Mr. Moran also purchased by the "Addendum" Carl Aase's personal right to collect individual permit holder compensation under the Glacier Bay Commercial Fisheries Compensation Program.

  Neither party intends to waive any claim or defense or argument by providing this list of issues or in expressing any issue as it has been expressed above, it being recognized that other issues may be identified as the case proceeds.

  4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

  A. Discovery will be needed on the issues identified in Paragraph 3 above.

  B. All discovery is to be commenced in time to be completed by June 1, 2006.

  C. Limitations on Discovery.

    1. Interrogatories: no change from F.R.Civ.P. 33(a)

    2. Requests for Admissions: no change from F.R.Civ.P. 36(a).

    3. Depositions: no change from F.R.Civ.P. 36(a), (d).

  D. Reports from retained experts: not later than 90 days before the close of discovery subject to F.R.Civ.P Rule 26(a)(2)(C). Reports due from both plaintiff and defendant on May 1, 2006.

  E. Supplementation of disclosures and discovery responses are to be made as new information is acquired, but not later than 60 days before the close of discovery.

  F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due not later than May 1, 2006.

Scheduling and Planning Conference Report  Moran v. Estate of Carl Aase
Page 3 of 6  Case No. J02-011 CV (JWS)

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

5.  **Pretrial Motions.**

No change from D.Ak. LR 16.1(c).

The following changes to D.Ak. LR 16.1(c) are agreed:

Motion to amend pleadings or add parties must be filed not later than March 1, 2006.

Motions under the discovery rules must be filed not later than June 15, 2006.

Motions in limine and dispositive motions must be filed not later than sixty days before trial.

6.  **Other Provisions:**

    A.  The parties do not request a conference with the court before the entry of the scheduling order.

    B.  Alternative Dispute Resolutions. [D.Ak. LR 16.2] The parties may file a request for alternative dispute resolution (mediation) not later than June 15, 2006.

    C.  The parties do not consent to trial before a magistrate judge.

7.  **Trial.**

    A.  The matter will be ready for trial not later than sixty days after the close of discovery.

    B.  This matter is expected to take 2-3 days to try.

    C.  No Jury Demand was filed. The right to jury trial is not asserted by any party on the current state of the pleadings.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Scheduling and Planning Conference Report    Moran v. Estate of Carl Aase
Page 4 of 6    Case No. J02-011 CV (JWS)

Respectfully submitted this 18th day of January, 2006.

                DORSEY & WHITNEY LLP
                Attorneys for Plaintiff

By   /s/ James N. Reeves
     James N. Reeves, ABA #7206031
     Dorsey & Whitney LLP
     1031 West Fourth Avenue
     Suite 600
     Anchorage, AK  99501-5907
     (907) 276-4557
     reeves.jim@dorsey.com

Respectfully submitted this 18th day of January, 2006.

                SHANE CAREW, P.S.
                Attorney for Defendant

By   /s/ Shane Carew
     Shane Carew
     5450 California Avenue S.W.
     Suite 101
     Seattle, WA  98136
     (206) 587-0590
     shane@carewlaw.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Scheduling and Planning Conference Report                 Moran v. Estate of Carl Aase
Page 5 of 6                 Case No. J02-011 CV (JWS)

Respectfully submitted this 18th day of January, 2006.

        BRUCE B. WEYHRAUCH, LLC
        Attorney for Plaintiff

        By   /s/ Bruce B. Weyhrauch
        Bruce B. Weyhrauch, ABA#8706057
        Law Office of Bruce B. Weyhrauch, LLC
        114 S. Franklin Street, Suite 200
        Juneau, AK  99801
        (907) 463-5566
        whyrock@gci.net

CERTIFICATE OF SERVICE
This certifies that on the 18th day of January, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136

Bruce Weyhrauch
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska  99801

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557