Shane Carew, P.S.
Attorney for Defendant
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br>    Plaintiff,<br><br>    vs.<br><br>ESTATE OF CARL AASE,<br><br>    Defendant | )<br>)<br>)<br>) CASE NO. J02-011 CV (JWS)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

### RELIEF REQUESTED

Defendant seeks a Rule 12 dismissal of this action against the defendant Estate for failure to state a claim against the Estate for which relief may be granted.

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 1**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

## QUESTIONS PRESENTED

A. Where the National Park Service denied an award to plaintiff Moran for Individual Permit Holder compensation, is plaintiff's sole remedy from that denial an appeal from the administrative agency's decision?

B. Does Mr. Moran have standing to obtain an order from this Court to block an agency decision to award Individual Permit Holder Compensation to Carl Aase?

## ISSUE

Where Plaintiff asserts that an agency is incorrect in concluding Plaintiff had not qualified for Individual Permit Holder compensation by "buying" the "fishing history" of an Individual Permit Holder, and sues the Individual Permit Holder rather than appealing the administrative agency decision, has Plaintiff failed to state a claim against the Individual Permit Holder upon which relief can be granted?

## RELEVANT FACTS

<u>Glacier Bay Commercial Fisheries Compensation Program</u>

The Court is familiar with the background of the Glacier Bay Commercial Fisheries Compensation Program ("GBCFCP"). *See*, *Order from Chambers*, dkt 35. The GBCFCP plan (<u>Compensation Plan: Glacier Bay Commercial Fisheries Compensation Program</u> (September 2001)) ("Plan") may be accessed at the National Park Service website:

*http://www.nps.gov/glba/InDepth/learn/preserve/issues/fish/*

/

/

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

### The National Park Service Ruled that Carl Aase Qualified for Individual Permit Holder Compensation

The eligibility criteria for Individual Permit[1] Holder compensation were: a) current ownership of an Alaska limited entry permit; b) a history of commercial fishing in Glacier Bay proper … during the qualifying eligibility period (1989-1998)." *Plan,* pp. 17-18.   The agency determined Carl Aase qualified.

Mr. Aase was advised by letter dated March 17, 2003, that his final approved Individual Permit Holder compensation for Tanner crab, was $581,739.08.  *Order from Chambers,* p. 3, dkt. 35.   Mr. Aase was also awarded $11,793.89 for the "tanner pot, lost permit value".

### The National Park Service Ruled that Anthony Moran did **NOT** Qualify for Individual Permit Holder Compensation

Plaintiff Moran contacted Carl Aase in December 1999 and presented Mr. Aase with a written contract plaintiff drafted, which he titled "Addendum".  The parties do agree that rights arising from the <u>vessel's</u> history of catching groundfish, under the North Pacific License Limitation Program (50 C.F.R. § 679.4(k)) ("LLP Program"), were transferred.[2]

Mr. Moran made application under the GBCFCP for Individual Permit Holder compensation.  It is undisputed that Mr. Moran did not own an Individual State Limited Entry Tanner Crab Permit during the qualifying

---

[1] "Permit" refers to Alaska limited entry permit or an IFQ share. *Plan,* p. 18.

[2] The purchase price was $3,000.00.

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 3**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1 years, and therefore did not land any qualifying Tanner crab as an
2 "Individual Permit Holder" in the qualifying years. It is also undisputed that
3 Mr. Moran did not own a Tanner Crab Permit at the time of applying for the
4 Individual Permit Holder compensation.
5     For purposes of the GBCFCP application, Mr. Moran alleged that he
6 "bought" the "history" of Carl Aase's fishing in Glacier Bay.
7     Plaintiff Moran's application to the National Park Service for
8 Individual Permit Holder compensation was denied by letter dated April 5,
9 2002 from the agency. He appealed, and a hearing was held on October
10 25, 2002. Plaintiff Moran's appeal was denied by the Administrative Law
11 Judge on January 10, 2003. The Regional Director concurred on January
12 22, 2003. *Recommended Decision of Administrative Law Judge* (*See,* Ex.
13 1, pp. 8-9 to Amended Answer of United States (Dkt. 28))
14     At the time distributions were being made, the Regional Director
15 issued a "final decision" letter dated March 17, 2003. *Order from
16 Chambers,* dkt. 35, p. 3. It incorporated the decision of the Administrative
17 Law Judge. Anthony Moran did not file an appeal from this final agency
18 action.

## LAW AND ARGUMENT

**A.   Rule 12(b)(6)**

21     The district court may grant a motion to dismiss for failure to state a
22 claim if it is clear that no relief can be granted under any set of facts that
23 could be proved consistent with the allegations. *Cervantes v. City of San
24 Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).
25

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 4**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

Plaintiff had no standing to object to or to bar the award of compensation to Carl Aase. The final agency decision in respect of Carl Aase is not inexorably tied to Plaintiff's failed application. Plaintiff's application failed for more reasons than lack of "fishing history", it also failed because Plaintiff didn't own a state limited entry crab permit at the time of application.

Assuming (only for the sake of argument) Plaintiff can prove that he "bought" Mr. Aase's personal so-called "fishing history" in Glacier Bay, Plaintiff still doesn't qualify for Individual Permit Holder compensation.

There is no private right of action in the legislation allowing Moran to block the agency award to Mr. Aase. The Estate of Aase has no means of reversing the agency's decision against Moran, and this case against the Estate should be dismissed for failure to state a claim.

**B.   Moran Has Failed to Properly Appeal the Agency Decision**

Plaintiff Moran filed a claim for Individual Permit Holder compensation. The agency ruled that Plaintiff's theories failed. The agency's two criteria for Individual Permit Holder compensation were simple: a) you had to have owned an Individual Limited Entry Tanner Crab Permit and landed tanner crab from Glacier Bay National Park in the qualifying years; and b) you had to own an Individual Limited Entry Tanner Crab Permit at the time of application. The agency ruled that Plaintiff didn't meet either criterion. If Plaintiff felt wronged by that agency action, he should appeal that decision to this Court. See, 5 U.S.C. § 704.

The United States was correct in its Amended Answer when it stated that Moran failed to exhaust his administrative remedies, and

MORAN v. ESTATE OF AASE
J02-011CV (JWS) - 5

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

therefore the present action was barred. *United States' Amended Answer and Counter-Claim and Cross-Claim for Interpleader*, dkt. 28, p. 3, paragraph 3.

There is another case pending in this district brought by someone who did properly appeal the National Park Service decision under the Administrative Procedures Act. For comparison purposes, the Court may take judicial notice of *Westcott v. United States Department of Interior, National Park Service*, (U.S. Dist. Ct. Alaska) Cause No. J03-009CV(JWS).

Under the Administrative Procedures Act, 5 U.S.C. § 702, "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

If Mr. Moran felt he was genuinely entitled under the GBCFCP to receive compensation, his beef was with the agency, not with Mr. Aase. He should have appealed the final agency action denying him compensation. The civil action against Mr. Aase does not serve as some sort of "preemptive appeal" against the agency. Plaintiff simply decided not to appeal the administrative decision. That was his choice and his risk.

**C. Plaintiff Has No Standing to Appeal the Agency's Award of Compensation to Aase or Bar Its Implementation**

Carl Aase's application to the National Park Service, Department of Interior, was separate and apart from Plaintiff's. The agency has determined that Carl Aase met the qualifications for Individual Permit

MORAN v. ESTATE OF AASE  
J02-011CV (JWS) - **6**

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington 98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

Holder Compensation. Plaintiff has no more standing to appeal the award to Mr. Aase than he does to appeal the award to any other recipient of Glacier Bay Compensation.

If the agency did wrong by Mr. Moran, he should be entitled to seek relief from the agency. Moran's remedy from the final agency action is not an appeal of the award to Mr. Aase. If successful in his appeal from administrative agency action, Mr. Moran should be paid by the agency. He has no right to object to or to take Mr. Aase's award.

There is no reason why the agency action awarding the compensation to Mr. Aase should not stand. The agency correctly determined that Mr. Aase met the strict requirements for compensation. It is not anyone else's prerogative to challenge that.

## CONCLUSION

There is no private right of action allowing Plaintiff Moran the right to bar the agency from its action in respect of a third party, in this case, Mr. Aase.

The agency denied Plaintiff's application on more grounds than just lack of "fishing history", as Plaintiff describes it. The agency denied Plaintiff's application on the ground that Plaintiff did not own a state limited entry crab permit at the time of application for the compensation. Suing Mr. Aase cannot change that fact, and does not reverse the agency's action.

Plaintiff failed to convince the Department of Interior, National Park Service, that he qualified for Individual Permit Holder compensation. His

MORAN v. ESTATE OF AASE
J02-011CV (JWS) - 7

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

remedy is to appeal that agency action.  The Estate of Carl Aase cannot grant Anthony Moran that relief.

The relief Plaintiff seeks can be granted only by an appeal from the administrative decision, not by suing a third party.  This case should be dismissed with prejudice, and costs awarded to the Estate of Aase.  The Clerk should be directed to pay over the proceeds to the Estate of Aase.

Dated this 18th day of January, 2006, at Seattle, Washington.

/s/_____
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
5450 California Ave. SW, #101
Seattle, WA  98136
shane@carewlaw.com

### Certificate of Service

Counsel for all parties are registered users of the CM/ECF system, and are therefore served pursuant to Local Rule 5.3.

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 8**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388