James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>                    Defendant. | Case No. J02-011 CV (JWS)<br><br>PLAINTIFF'S OPPOSITION TO<br><u>MOTION TO DISMISS</u> |

Defendant's decedent Carl Aase was a commercial fisherman in Southeast Alaska. Declaration of Carl Aase Re Motion to Set Aside Default, dated April 5, 2003, page 2, ¶ 3.  In 1992, he executed a Preferred Mortgage of Vessel giving his creditor a security interest in the vessel named F/V NORTHWYN that includes all "necessaries thereunto appertaining or belonging," interests that are also referred to in the mortgage as "appurtenances."[1]  Later, Aase defaulted on his obligation to the creditor, resulting in a foreclosure of the mortgage.  At a Marshal's sale on May 5, 1999, plaintiff Moran purchased the vessel together with its "necessaries" and "appurtenances."  By this means,

---

[1] A copy of the Preferred Mortgage of Vessel dated January 31, 1992, is attached as Appendix A.  The documents reflecting the foreclosure of the preferred mortgage are on file in <u>Northwest Farm Credit Services, ACA v. F/V Northwyn</u>, U.S. District Court for the District of Alaska, Case No. A98-0397 Civil (JWS), and are subject to judicial notice.

Plaintiff's Opposition to Motion to Dismiss                                            Moran v. Estate of Carl Aase
Page 1 of 6                                                                                         Case No. J02-011 CV (JWS)

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Moran acquired the entirety of the assets that Aase had pledged to his creditor. These interests acquired with the vessel included the fishing permits and fishing history of the vessel. Gowen v. F/V Quality One, 244 F.3d 64 (lst Cir. 2001).

Shortly after Moran acquired these rights Congress passed a statute providing for the compensation of fishermen deprived of the opportunity to fish in Glacier Bay due to commercial fishing closures and restrictions. Section 501, 1999 Emergency Supplemental Appropriations Act (P.L. 106-31) (May 21, 1999). The National Park Service ("NPS") was charged by Congress with establishing the process for the determination of rights to receive compensation.

By now, Aase had quit fishing. Aase Declaration, ¶ 3. As the new owner of the vessel, Moran was the party who sought to lose future income as a result of the Glacier Bay closure. His prospective future loss was evidenced by the fishing rights and fishing history associated with the vessel that he had purchased on May 5, 1999. Moran applied for compensation under the Glacier Bay program. Aase also filed for compensation, despite the fact that Aase had retired and no longer owned the vessel or the associated permits and fishing history.

Recognizing the potential of a dispute with Aase about the scope of what was acquired in the May 5, 1999, Marshal's Sale, Moran contacted Aase seeking to confirm that Aase no longer asserted a claim to the fishing rights and fishing history associated with the vessel. This resulted in execution of an agreement entitled "Addendum" by Moran and Aase on December 17, 1999.[2] Later, the NPS granted Aase's application for compensation and denied Moran's application. Moran sued Aase seeking to establish his

---

[2] A copy of the Addendum is before the Court as the first page of Exhibit 1 of the Declaration of Shane Carew Re Motion to Set Aside Default, dated April 10, 2003.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

right to the compensation awarded to Aase, based upon his purchase of the vessel and associated rights.

The defendant Estate filed a motion to dismiss for failure to state a claim, relying on Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Estate's motion is predicated upon a fundamental misapprehension of the plaintiff's claim. As Moran acknowledged in his First Amended Complaint, the NPS denied his applications for compensation under the Glacier Bay Compensation Plan. Moran's claim against the Estate in this action is not based on a contention that this NPS decision was illegal. Therefore, Moran's failure to appeal the NPS decision is immaterial. This is not an APA action for judicial review of an NPS decision; it is a dispute between two private parties (Moran and the Estate) in which this Court's jurisdiction is based on diversity of citizenship.

Moran's claim against the Estate in this action is that the Estate's decedent Mr. Aase obtained a favorable NPS decision awarding compensation to him by wrongfully exploiting the fishing rights and fishing history that belonged to Moran. Moran acquired these interests with the fishing vessel when he purchased it at the Marshal's Sale on May 5, 1999. The rights he acquired in that transaction include the entirety of the rights that were pledged by the foreclosing creditor (Northwest Farm Credit Services ACA) that conducted the Marshal's Sale, which included necessaries and appurtenances. The fishing rights and fishing history of the vessel constitute appurtenances that are subject to the lien and pass to the new owner with the sale of the vessel. Gowen v. F/V Quality One, 244 F.3d 64 (lst Cir. 2000). See also, Bank of America v. Pengwin, 175 F.3d 1109, 1119 (9th Cir. 1999).

Moran's claim addresses the ultimate distribution of the award made by the NPS

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motion to Dismiss                    Moran v. Estate of Carl Aase
Page 3 of 6                                                    Case No. J02-011 CV (JWS)

based on contract law and unjust enrichment theory. It alleges that the Estate should not be allowed to retain the money awarded to Aase by the NPS because the award to Aase was based on fishing history that he no longer owned. Specifically, Moran asserts in his First Amended Complaint that the "rights and interest that were included in the transfer by Aase to Moran were the rights to commercial fishing compensation related to Glacier Bay commercial fishing closures" (Paragraph 16) and that Moran "is entitled to the compensation that the Park Service has earmarked for Aase." (Paragraph 19).

In such a situation, Moran has a quasi-contract claim to recover the benefit unjustly obtained by Aase and now claimed by his Estate. Alaska Sales & Service v. Millet, 735 P.2d 743, 746 (Alaska 1987). As the Alaska Supreme Court stated in Bevins v. People's Bank & Trust, 671 P.2d 875, 881 (Alaska 1983), "[a] person is enriched if he receives a benefit; a person is unjustly enriched if the retention of the benefit without paying for it would be unjust." (Emphasis added.) The constructive trust remedy is available in such a case to prevent unjust enrichment. McKnight v. Rice, Hoppner, Brown & Brunner, 678 P.2d 1330, 1335 (Alaska 1984).

The constructive trust doctrine is appropriately applied in this case. The purpose of the Glacier Bay Commercial Fishing Compensation Program was to make a fisherman whole with respect to anticipated future earnings that would result from the closures and restrictions of commercial fishing in Glacier Bay. Having acquired the fishing vessel with its fishing history in Glacier Bay, Moran stood to receive future earnings from continuation of that fishing. It was Moran, not Aase, who was actually harmed as a result of the change in the commercial fishing regulatory situation in Glacier Bay National Park and Preserve.

The Compensation Plan (September 2001), submitted with this brief as Appendix

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motion to Dismiss                                  Moran v. Estate of Carl Aase
Page 4 of 6                                                                  Case No. J02-011 CV (JWS)

B, states at page 6 that its purpose was to compensate people identified as "active in the industry" who could establish "current participation in a fishery affected by Glacier Bay closures." The Plan explains that "[d]istributing compensation to inactive fishermen, processors, and crew constitutes a serious challenge to the fairness of a compensation program that is intended to compensate for future loss – of which retirees (regardless of age) have none." Mr. Aase quit fishing several years before he abandoned his fishing vessel to his creditor and several years before the compensation program went into effect. See Aase's Declaration Paragraph 3. Retention by Aase or his Estate of Glacier Bay compensation that is intended for active fishermen like Moran, who own vessels with fishing history indicating their future prospect of fishing in Glacier Bay, would be "unjust" and "unconscionable" within the meaning of Alaska case law on unjust enrichment and the constructive trust doctrine.

"Whether there has been unjust enrichment is generally a question of fact." State, Dep't. of Revenue v. Wetherelt, 931 P.2d 383, 390 n.11 (Alaska 1977). Although the facts related here are believed by counsel to be undisputed, we recognize that the claim Moran has asserted, being one for an equitable remedy (constructive trust) based on unjust enrichment, may not lend itself to resolution by dispositive motion. Therefore Moran has not filed a cross-motion for summary judgment at this time. Moran reserves the right to do so later as discovery proceeds.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motion to Dismiss                                    Moran v. Estate of Carl Aase
Page 5 of 6                                                                     Case No. J02-011 CV (JWS)

For the reasons stated, the Estate's motion to dismiss should be denied.

Respectfully submitted this 21st day of February, 2006.

    DORSEY & WHITNEY LLP
    Attorneys for Plaintiff

By   /s/ James N. Reeves
    James N. Reeves, ABA #7206031
    Dorsey & Whitney LLP
    1031 West Fourth Avenue
    Suite 600
    Anchorage, AK  99501-5907
    (907) 276-4557
    reeves.jim@dorsey.com

CERTIFICATE OF SERVICE
This certifies that on the 21st day of February, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136

Bruce Weyhrauch
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska  99801

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Opposition to Motion to Dismiss    Moran v. Estate of Carl Aase
Page 6 of 6    Case No. J02-011 CV (JWS)