Shane Carew, P.S.
ABA 9407067
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
T: 206.587.0590
F: 206.587.2388
shane@carewlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br>        Plaintiff,<br><br>    vs.<br><br>ESTATE OF CARL AASE<br><br>        Defendant | CASE NO. J02-011 CV (JWS) |

## REPLY MEMO RE 12 (b)(6) MOTION TO DISMISS
## FOR FAILURE TO STATE A CLAIM

Plaintiff chose not to address the Questions Presented because he doesn't like the answers:   The first Question Presented is:

**Where the National Park Service denied an award to plaintiff Moran for Individual Permit Holder compensation, is plaintiff's sole remedy from that denial an appeal from the administrative agency's decision?**

The answer to that question is clearly, undeniably, yes.

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)   - 1

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

The second Question Presented is:

> **Does Mr. Moran have standing to obtain an order from this Court to block an agency decision to award Individual Permit Holder Compensation to Carl Aase?**

The answer to this question is "no". Moran has no standing to assert that the agency was incorrect in concluding that Carl Aase was a qualifying Individual Permit Holder entitled to compensation in the amount determined by the agency.

Instead of dealing with the Questions Presented, Plaintiff chose to set off smoke grenades to divert the Court from the clear issues.

## I. PLAINTIFF'S REMEDY FOR AGENCY DECISION WAS TO APPEAL FROM THE DECISION

### A. Plaintiff's Complaints Allege the Agency was Wrong: He Now Waives His Administrative Appeal

Plaintiff now denies this is an administrative law matter. This has always been an administrative law matter. Now, after the agency has been in the suit, filed its pleadings, and been dismissed, plaintiff's refusal to prosecute its appeal is a clear waiver of any rights of administrative appeal.

### B. Moran's Application Was Properly Denied By the Agency

Mr. Moran's claim was denied by the NPS on April 5, 2002. If Moran's claim had not been denied, obviously he would not have filed this suit a month later against Carl Aase personally (on May 6, 2002). <u>Even after filing this suit</u>, Mr. Moran continued with the administrative process

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)  - 2

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1  and appealed the agency denial (May 24, 2002). (Dkt. 23, Ex. 4).  The
2  agency upheld the denial in a decision rendered on January 22, 2003. (Dkt.
3  28, Ex. 1, pp. 8-9) *See*, Dec. of Carew. By this time, the agency was
4  already a party to this litigation, and sought the Court's review of its
5  decisions.  It is too late for Moran to now say the agency never had
6  anything to do with this lawsuit.

7  When Moran moved for judgment by default in this case on
8  February 3, 2003 (Dkt. 23), Moran told this Court only that he had appealed
9  the agency determination.  Moran neglected to tell the Court he had already
10 received the agency's decision on his appeal 12 days before.   Moran did
11 <u>not</u> tell the Court that the agency decision was <u>not</u> based on the lack of
12 "fishing history", it was because Moran did not own a permit at the time of
13 application.

14 Implicitly, by his silence, Moran concedes he was never entitled to
15 the administrative award for which he applied.  He can never deny this core
16 fact:  Moran did not have the individual state limited entry crab permit
17 required by the GBCFCP regulations to qualify for the compensation he
18 seeks.

19 Moran now changes his position.  It is no longer a complaint about
20 the agency making an award to the wrong party based on "fishing history."
21 Moran now hopes it is "a dispute between two private parties in which this
22 Court's jurisdiction is *based on diversity of citizenship*." *Pltffs. Opp.,* Dkt.
23 67, p. 3.  That is incorrect.  This Court has already ruled its jurisdiction is
24 federal question (not diversity) because "this litigation determine[s] the
25

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)   - 3

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

proper distribution of benefits created by federal law." *Order from Chambers,* Dkt. 48.  Indeed, at the Court's direction, the United States was joined as a party to the action, and the United States may <u>only</u> be sued in federal court based on federal question jurisdiction.

If the Court accepts Moran's position that this is only a contract dispute about sale of the *compensation*, it should be reflected in the Court's order that Moran does not challenge the basis for the administrative denial of his claim.  **This would clear the United States of the risk that Moran would later file an APA action for judicial review.**

### C. <u>Vessel Ownership is Irrelevant</u>

Qualifying for compensation as an Individual Permit Holder had only to do with two criteria: past <u>and current</u> ownership of a state crab limited entry permit, and actually having fished in Glacier Bay.  *Plan,* p. 17-18.  The Plan explains how the compensation is calculated in Part III and provides an example: "Mechanics of the Compensation Plan: Individual Permit Holder Compensation".  *Plan*, p. 10.  The way the compensation amount is calculated has absolutely <u>nothing</u> to do with ownership of the vessel the qualifying pounds were caught on.

Theoretically, Carl Aase could have chartered and used a different boat for each time he landed crab during the qualifying years:  it would have made absolutely <u>no</u> difference to his qualifying for Individual Permit Holder compensation.

The purpose of the plan was to compensate a class of limited entry permit holders, not vessel owners.  Carl Aase's rights arose from his crab

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)  - 4

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1 permit, which he still owned.  Carl never sold his state limited entry crab
2 permit nor any rights attached to it.  The GBCFCP was no more an
3 "appurtenance" of the vessel than IFQ (<u>Individual</u> Fishing Quota) or an
4 <u>individual</u> state crab limited entry permit.

5   D. <u>That Moran Did Not Qualify for Compensation by the Agency
6       is Undisputed by Moran; "Fishing History" is Irrelevant</u>

7 Plaintiff is trying to run an "end around" on the Administrative
8 Agency that denied him the Glacier Bay compensation because he failed to
9 meet the permit ownership criterion.  As the hearing officer noted in the
10 United States Department of the Interior administrative decision letter:

> "...the fact remains that Appellant **did not**, **and could not** produce a 'copy of current permit for each fishery for which you are seeking compensation (Tanner pot, Tanner ring, halibut, Dungeness crab, power troll, hand troll, King crab and/or groundfish)' Compensation Plan, page 18. Absent this documentation, Appellant cannot be compensated".

15 (emphasis added) (Dkt. 28, Ex. 1, pp. 8-9) *See*, Dec. of Carew.

16 The point that Moran did not qualify for the compensation was not
17 disputed by Moran in his response to this motion.

18 Moran's administrative appeal failed because he didn't have a
19 permit at the time of application:  the issue of so-called "fishing history" is
20 moot.   Even if Moran did have a "fishing history" (which he didn't), he
21 failed to qualify because he did not own a permit at the time of application.
22 The "fishing history" issue is dead.

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)  - 5

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

II.  **WHERE MORAN HAD NO RIGHT TO THE AGENCY AWARD IN THE FIRST INSTANCE, HE HAS NO STANDING TO PREVENT THE AGENCY FROM IMPLEMENTING ITS AWARD TO CARL AASE**

Moran has no standing to assert to the agency or this Court that Carl Aase was not entitled to the administrative agency's award to Carl. That was up to the agency, and the agency decided in Carl's favor. Plaintiff has failed to cite a single case for the proposition that Moran had standing to interject himself in Carl Aase's administrative proceeding.

Because plaintiff has no standing to object to the agency award, the Court should therefore order the release of the funds to the Estate of Aase. The order entered in this case at Dkt. 44 states that the $581,739.08 was to be paid into the registry of the Court, "where it will be held until appellate review, if any, of <u>this</u> judgment is final." (emphasis added) The appellate review of said judgment is final, and said judgment was reversed. Moran did not appeal the Ninth Circuit's appellate review. The agency's decision awarding the funds to Carl Aase is therefore ripe for payment to Carl Aase's estate.

Plaintiff has not sought a prejudgment attachment, and clearly is not entitled to one. To obtain a prejudgment attachment, plaintiff bears the burden of establishing, by a preponderance of the evidence, "the <u>absence</u> of any <u>reasonable probability</u> that a successful defense can be asserted by

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)   - 6

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

the defendant." Alaska Civil Rule 89(d).[1]  Thus, even if for some reason the Court does not grant final judgment in defendant's favor at this time, the funds should be released to the defendant.

### III.  PLAINTIFF'S NEW THEORIES HAVE NOT BEEN PLED

Plaintiff *now* asserts three theories in response to this motion that were never before mentioned in his complaints.  They arose for the first time just this week, at page four in Moran's opposition:  unjust enrichment, quasi-contract, and constructive trust.  Those are separate theories for equitable relief which must be pled.  And they weren't.

Mr. Moran had plenty of time to amend his complaint. The new deadline for amending pleadings has already passed.

### IV.  CONCLUSION

In answer to the first Question Presented: Plaintiff Moran's sole remedy from the agency denial of Individual Permit Holder compensation was to appeal from the agency's decision.

The Agency was a party to this action, and was dismissed from the case by agreement with Moran.  The basis for the agency decision was presented in this motion:  Moran did not qualify because he did not own a crab permit at the time of application.  Moran has not disputed nor denied that he did not qualify for the award of compensation by the agency.  That should be sufficient for judgment in defendant's favor.

---

[1] Fed.R.Civ.Pro 64 incorporates state law regarding prejudgment attachments.  The state rule for prejudgment attachment is Civil Rule 89.

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)   - 7

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

In answer to the second Question Presented: Plaintiff Moran does not have standing to obtain an order from this Court to block the agency award. Nor is there a basis for a prejudgment attachment. The agency award, plus interest, should be disbursed to the Estate.

The Estate is entitled to an order releasing the funds. The government is out of the case and the plaintiff has waived his right to administrative appeal. The funds were ordered to be held only until the appellate review was final. The appellate review <u>is</u> final.

If the Court does not dismiss the case at this stage, it should make clear: (a) that plaintiff did not qualify for the Glacier Bay Compensation because he did not own an individual state crab limited entry permit, (b) that plaintiff has elected not to appeal the administrative decision.

Dated this 3rd day of March, 2006, at Seattle, Washington.

/s/
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
Aase

**Certificate of Service**

Counsel for all parties are registered users of the CM/ECF system, and are therefore served pursuant to Local Rule 5.3.

MORAN v. ESTATE OF AASE
REPLY MEMO
J02-011CV(JWS)   - 8

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388