1  Shane Carew, P.S.
   ABA 9407067
2  5450 California Avenue S.W.
   Suite 101
3  Seattle, WA 98136
   Tel: 206.587.0590
4  Fax: 206.587.2388
   shane@carewlaw.com
5

6

7

8                    **UNITED STATES DISTRICT COURT**
                     **FOR THE DISTRICT OF ALASKA**
9

10  ANTHONY MORAN,                        )
11            Plaintiff,                  )
                                          )
                                          )
12      vs.                               )  CASE NO. J02-011 CV (JWS)
                                          )
13  ESTATE OF AASE,                       )
                                          )
14            Defendant                   )
                                          )
15

16         **DECLARATION OF CAREW RE RULE 12(b) REPLY**

17  SHANE CAREW declares,

18      1.      I am over the age of 18 and competent to testify.  The following testimony

19  is based upon my personal knowledge.

20      2.      I am counsel for Carl Aase.

21      3.      Although it is already part of the record (Dkt. 28, Ex. 1, pp. 8-9), the NPS

22  denial of Moran's claim is attached hereto as Exhibit 1, with those portions underlined

23  which clearly state that the reason for the denial was not the "fishing history" issue,

24  but the failure to qualify as a current permit holder.

25

**Moran v. Estate of Aase**
**Dec. of Carew**
**J02-011 CV(JWS) - 1**

4.      Moran asserts in his opposition brief that "Moran's claim against the Estate in this action is not based on a contention that this NPS decision was illegal." (Dkt. 67, p. 3) This statement is misleading.  Moran **does** claim that he submitted to NPS what was necessary for him to receive the compensation.  *See,*  paragraph 11 of the complaint (Dkt. 1), and paragraph 12 of the amended complaint (Dkt. 10):

> **Plaintiff submitted the necessary information to the Park Service in order to meet the requirement** established by the Park Service, to obtain compensation for the commercial fishing closures of Glacier Bay, using the landing history o f the F/V NORTHWYN that he obtained from the State of Alaska's Commercial Fisheries Entry Commission.

If Moran "submitted the necessary information" to the NPS and his claim was rejected, Moran certainly is putting in issue that the NPS decision was incorrect.  That is what Moran's claim is all about.

5.      Moreover, Moran also alleges in his complaint and amended complaint, at paragraphs 17 and 18 respectively:  "...**Aase is not entitled to compensation from the Park Service.**"  In summary, contrary to Moran's statement to this Court in his opposition brief, he certainly did allege that the NPS decisions were incorrect.

6.      Plaintiff states that Carl Aase applied for the Glacier Bay compensation "despite the fact that Aase... no longer owned... the associated permits." (Dkt. 67, p 2).  That is untrue.  As is obvious from having received the award of compensation from the agency, Carl Aase <u>did</u> own the limited entry crab permit that the Individual Permit Holder Compensation was linked to.

**Moran v. Estate of Aase**
**Dec. of Carew**
**J02-011 CV(JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1  I DECLARE UNDER PENALTY OF PERJURY ACCORDING TO THE LAWS OF

2  THE STATE OF WASHINGTON THAT THE ABOVE AND FOREGOING IS TRUE

3  AND CORRECT.

4      Dated this 3rd of March, 2006, at Seattle, Washington.

5

6

7

8  _____
   Shane C. Carew
   Alaska Bar No. 9407067
9  Counsel for Defendant
   Tel: 206.587.0590
10 Fax: 206.587.2388
   shane@carewlaw.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Moran v. Estate of Aase**
**Dec. of Carew**
**J02-011 CV(JWS) - 3**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388



# United States Department of the Interior

## OFFICE OF HEARINGS AND APPEALS
909 St. Joseph Street, Suite 201
Rapid City, South Dakota 57709

Appellant:           Anthony Moran
File Number:         ARO-02-136
Claim Category:      Permit Holder, Tanner Pot and King Crab

### Recommended Decision

### Background:

Anthony Moran (Appellant), filed an application for compensation as a Tanner pot and King crab permit holder under the terms of the Glacier Bay Commercial Fishing Compensation Plan (Compensation Plan). The application was denied by letter dated April 5, 2002 from the Superintendent, Glacier Bay National Park and Preserve because Appellant did not prove a history of commercial fishing as required by the Glacier Bay Compensation Plan.

Appellant filed timely appeal. At Appellant's request, a hearing was held on October 25, 2002 in Juneau, Alaska. Mr. Moran appeared in person and was represented by his counsel, Bruce Weybrauch. Mr. Ron Dick, Program Manager, and Mr. Jeff Reetz, Administrative Assistant, appeared in the capacity of support personnel on behalf of the National Park Service (NPS).

### Analysis:

Appellant testified that he does not hold a current Tanner crab permit. It is further disclosed that the permit during the qualifying period was held by a Carl Aase, according to the official records of the Alaska Department of Fish & Game (ADF & G). The NPS records further disclose that Mr. Aase has filed a claim for compensation under this permit for the qualifying period (file #ARO-02-345).

The Compensation Plan makes it absolutely clear that active participation is a prerequisite to compensation:

> The purpose of distributing this money is to compensate for past, present, and future losses, so it follows that there needed to be a way of identifying who is active in the industry. Distributing compensation to inactive fishermen, processors, and crew constitutes a serious challenge to the fairness of a compensation program that is intended to compensate for future loss – of which retirees (regardless of age) have none. The NPS

Exhibit _____1_____

Page __8__ of __9__ pages

ARO-02-136

has determined that proof of current participation in a fishery affected by Glacier Bay closures is required to qualify a permit holder, processor, or crew member for compensation.

This criterion is reiterated in detail under the eligibility and documentation requirements for permit holders (Compensation Plan, pages 18-19).

Appellant asserts that he acquired the fishing history from Mr. Aase by subsequent agreement, and subsequent to purchasing the boat through a United States Marshals' seizure sale on May 9, 1999. Appellant's counsel argues that since the state of Alaska divulged the confidential Commercial Fishing Entry Commission (CFEC) records to Appellant, he is the rightful owner of those records and entitled to claim the crab landings in Glacier Bay as his own.

Notwithstanding this convoluted logic and absent express authority for derivative claims, the fact remains that Appellant did not, and could not produce "copy of current permit for each fishery for which you are seeking compensation (Tanner pot, Tanner ring, halibut, Dungeness crab, power troll, hand troll, King crab and/or groundfish)" Compensation Plan, page 18. Absent this documentation, Appellant cannot be compensated.

Recommendation:

It is recommended that the decision of the Superintendent dated April 5, 2002 denying Appellant's application be affirmed.

_Marcel S. Greenia_
Marcel S. Greenia,
Administrative Law Judge

JAN 10 2003
Date

Concur:

_Robert Amberger_
Robert L. Amberger, Regional Director

1/22/03
Date

2

Page 9 of 9 pages