Shane Carew, P.S.
Attorney for Defendant
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br>    Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br>    Defendant | CASE NO. J02-011 CV (JWS) |

## (PROPOSED) ORDER RE DEFENDANTS RULE 12(b)(6) MOTION

Defendant, the Estate of Carl Aase, brought on this Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief may be granted.  The Court has reviewed the file, the memoranda of the parties, and all submissions in support and in opposition to the motion.

Defendant's motion presented two questions of law.  The first question is: Where the National Park Service denied an award to plaintiff Moran for Individual Permit Holder compensation, is plaintiff's sole remedy from that denial an appeal

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 1**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

from the administrative agency's decision?  The answer to that question is clearly, undeniably, yes.

This has always been an administrative law matter.  Mr. Moran filed a claim for Glacier Bay Commercial Fisheries Compensation Program (GBCFCP) compensation designated for Individual Permit Holders.  Moran made that application to the National Park Service (NPS) on January 28, 2002.  His claim was denied by the NPS on April 5, 2002.  Mr. Moran appealed the agency denial within the administrative process on May 24, 2002, and maintained that appeal.   The agency upheld the denial in a decision rendered on January 22, 2003. Whether or not Moran "owned" so-called "fishing history" wasn't the dispositive issue in the denial.  Thus the issue of transfer of "fishing history" is irrelevant to Moran's administrative case.  The principal reason for the agency's rejection was another criterion:  Moran did not own an individual state limited entry crab permit at the time of applying for compensation.

In his response to this motion, Moran does not challenge the basis for the administrative denial of his claim.  The agency had been a party to this litigation, and had asserted the affirmative defense that Moran had not exhausted his administrative remedy.  Moran has stipulated that the agency could be dismissed, and allow this Court to resolve the legal issues.   Accordingly, where the basis for denial has been put in issue, and Moran does not challenge the basis for denial, Mr. Moran has therefore waived his right to file an Administrative Procedure Act action for judicial review of the agency's denial of his individual crab permit holder compensation.

The second question presented in the motion is:  Does Mr. Moran have standing to obtain an order from this Court to block an agency decision to award Individual Permit Holder Compensation to Carl Aase?

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

The answer to that question is "no". Moran has no standing to assert that the agency was incorrect in concluding that Carl Aase was a qualifying Individual Permit Holder entitled to compensation in the amount determined by the agency. No justification has been provided for preventing the execution of the agency's order. Plaintiff has not asserted any grounds that would justify the Court continuing to hold the Estate's funds as a prejudgment attachment.

Defendant's motion is GRANTED. The Clerk is directed to release to counsel for the defendant the funds currently being held in the Clerk's control, less whatever fees the clerk is entitled to for maintenance of the funds. The clerk is directed to enter judgment for Defendant, and allow costs to the Defendant.

Done this ___ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

By: /s/_____
   SHANE C. CAREW, Alaska Bar No. 9407067
   Attorney for Defendant Estate of Aase
   5450 California Ave. SW, #101
   Seattle, WA  98136
   shane@carewlaw.com

**Certificate of Service**

Counsel for all parties are registered users of the CM/ECF system, and are therefore served pursuant to Local Rule 5.3.

**MORAN v. ESTATE OF AASE**  
**J02-011CV (JWS) - 3**

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington  98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388