James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>                         Defendant. | Case No. J02-011 CV (JWS)<br><br><br>SECOND AMENDED COMPLAINT |

Plaintiff complains as follows:

1.  Plaintiff is a commercial fisherman and a resident of Petersburg, Alaska.

2.  Defendant Estate of Carl Aase is the successor to Carl Aase, the original defendant in this action, who was at one time a commercial fisherman and a resident of Seattle, Washington.  Defendant Estate of Carl Aase is a decedent's estate, the personal representative of which is a resident of the State of Washington.

3.  This action involves a dispute concerning the disposition of certain funds awarded by the United States Department of the Interior, National Park Service, pursuant to the Glacier Bay Commercial Fishing Compensation Program.  The United States of America deposited the disputed funds with the Court and the Clerk invested the funds in an interest-bearing registry account pursuant to the Court's Order filed January 16, 2004.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

The funds are to be held pending the outcome of this action.

4.  The matter in controversy exceeds $75,000.  The Court has jurisdiction in this action under and pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Earlier in this action, the Court's jurisdiction was also based on 28 U.S.C. § 1331 (federal question) because the action involved a claim against the U.S.A. arising under a federal law.

5.  Defendant's decedent Carl Aase formerly owned a vessel named the F/V NORTHWYN.

6.  In 1999 plaintiff purchased the F/V NORTHWYN together with related assets including all appurtenances thereto at a U.S. Marshal's sale.  The sale to plaintiff was confirmed by this Court's order entered on May 24, 1999, in <u>Northwest Farm Credit Services, ACA v. F/V NORTHWYN</u>, U.S. District Court for the District of Alaska, Case No. A98-0397 Civil (JWS).

7.  By virtue of this sale, plaintiff acquired the vessel together with all tangible and intangible assets associated with it that were the subject of Preferred Mortgage of Vessel dated January 31, 1992, that was the basis for the foreclosure.  The Preferred Mortgage of Vessel dated included all necessaries appertaining and belonging to the vessel.  By law, this included all fishing permits used in the operation of the vessel and all fishing history of the vessel.

8.  After plaintiff purchased the vessel, plaintiff and defendant's decedent Carl Aase executed an agreement entitled "Addendum," by which Mr. Aase confirmed that the sale of the vessel resulted in a transfer of the ownership of the fishing permits and the fishing history.  As a consequence of this agreement, plaintiff owns the fishing permits and the fishing history regardless of whether they had previously passed to the plaintiff by operation of law pursuant to the Marshal's Sale.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Second Amended Complaint

Page 2 of 5

Moran v. Estate of Carl Aase

Case No. J02-011 CV (JWS)

9.  Both plaintiff and defendant's decedent Carl Aase applied for certain compensation pursuant to the Glacier Bay Commercial Fishing Compensation Program (September 2001), authorized by Section 501 of the 1999 Emergency Supplemental Appropriations Act (Public Law 106-31) (May 21, 1999).

10.  The stated purpose of the Compensation Plan was to provide compensation to fishermen who faced the loss of future earnings from commercial fishing in Glacier Bay because fishing was or would be prevented as a result of closures and restrictions. Having acquired the vessel with its fishing history and permits from defendant's decedent, plaintiff stood to receive future earnings from continuation of that fishing in Glacier Bay.  Plaintiff was deprived of that opportunity and was thereby harmed as a result of the change in the commercial fishing regulatory regime in Glacier Bay.

11.  The Compensation Plan was not intended to provide compensation to inactive fishermen or retired fishermen, since the objective of the compensation was to replace future income that active fishermen were prevented from earning due to their inability to fish in Glacier Bay.

12.  Defendant's decedent Carl Aase discontinued commercial fishing several years before the F/V NORTHWYN was sold at the Marshal's Sale to the plaintiff.   He was no longer an active commercial fisherman when the Glacier Bay Compensation Plan went into effect.  Despite that fact, he applied for compensation under the Glacier Bay Commercial Fishing Compensation Program relying upon the fishing history of the F/V NORTHWYN though the vessel and its fishing history had previously sold to the plaintiff.

13.  Defendant claims the right to compensation as the successor to decedent Carl Aase.  Defendant is not a fisherman.  Defendant's decedent was a retired fisherman.  It

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

would be unjust and unconscionable for defendant to obtain and keep compensation awarded under the Plan for the purpose of making active fishermen such as plaintiff whole with respect to future loss of income from anticipated commercial fishing activity in Glacier Bay.

14. Retention of the compensation by defendant would constitute unjust enrichment.

15. Plaintiff is entitled to the equitable remedy of a constructive trust to require that all funds awarded to and/or received by defendant pursuant to the Glacier Bay Commercial Fishing Compensation Program be paid over to the plaintiff.

WHEREFORE, plaintiff seeks the following relief:

1. Imposition of a constructive trust upon the funds held in the Court's registry, representing the Glacier Bay Commercial Fishing Compensation Plan award made to defendant's decedent Carl Aase based upon fishing permits associated with the F/V NORTHWYN and the fishing history of the F/V NORTHWYN.

2. An order and judgment directing the Clerk to disburse the funds to the plaintiff.

3. Any other relief that may be appropriate under the circumstances, including such costs and attorney's fees as may be awarded pursuant to applicable law.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Second Amended Complaint
Page 4 of 5

Moran v. Estate of Carl Aase
Case No. J02-011 CV (JWS)

Respectfully submitted this 13th day of March, 2006.

DORSEY & WHITNEY LLP
Attorneys for Plaintiff


By   /s/ James N. Reeves
    James N. Reeves, ABA #7206031
    Dorsey & Whitney LLP
    1031 West Fourth Avenue
    Suite 600
    Anchorage, AK  99501-5907
    (907) 276-4557
    reeves.jim@dorsey.com

CERTIFICATE OF SERVICE
This certifies that on the 13th day of March, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136

Bruce Weyhrauch
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska  99801

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.


/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557