Shane Carew, P.S.
ASBA 9407067
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
T: 206.587.0590
F: 206.587.2388
shane@carewlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br>　　　Plaintiff,<br><br>　　vs.<br><br>ESTATE OF CARL AASE<br><br>　　　Defendant | CASE NO. J02-011 CV (JWS) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT

Defendant objects to Plaintiff's Second Motion to Amend the Complaint in this matter for the reason that it is "futile" because (a) the only additional ground for relief sought is in equity, which is not available in this matter at law; (b) it has already been established that the jurisdictional basis is 28 U.S.C. § 1331, federal question, and renewed allegations that it is based on diversity are wrong, and "futile".

MORAN v. ESTATE OF AASE
J02-011CV(JWS)　- 1

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

Additionally, the proposed amendment seeks to subvert the bases upon which the complaint was initially brought, and sweep under the carpet the history of the case and relief that had already been sought and granted.

Summarizing Moran's current theories, he asserts he is entitled to Carl Aase's $581,739.08 for the following reasons: 1) the agency erroneously denied Tony Moran's claim; 2) Tony Moran bought the GBCFCP rights from Carl with the ADDENDUM; and 3) Tony Moran bought the GBCFCP rights because they were appurtenances to the vessel at the Marshal's sale.

Having just taken Mr. Moran's deposition (on March 9, 2006), it is now apparent why he would want to change the legal theory for relief.  It should not be allowed at this 59th minute of the 11th hour.

### I.   The Additional Relief Plaintiff Seeks to Add Would be "Futile", and Therefore the Amendment Should Not Be Permitted

Although the standard for granting leave to amend is liberal, the Court nevertheless should deny leave to amend when to do so would be "futile."  A proposed amendment is futile where no set of facts may be proven under amendment to the pleadings which would allow relief. *Luce v. Dalton*, 166 F.R.D. 457, aff'd.,167 F.R.D. 88 (S.D.Cal. 1996).

The  standard for determining whether an amended complaint would be futile is the same as determining legal sufficiency of complaint under FRCP 12(b)(6) that would constitute a valid and sufficient claim. *Id.*

MORAN v. ESTATE OF AASE
J02-011CV(JWS)   - 2

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

As a matter of law, the amendment proposed should not be granted because equitable relief is not available in a matter at law, and the jurisdictional basis is federal question, not diversity.

**II.     Plaintiff's Rights, if Any, Are Created by Statute, and the Rules and Regulations Arising From that Statute. Plaintiff's Remedy, If any, is Solely At Law.**

The 1938 amendments to the Federal Rules of Civil Procedure abolished the distinction between actions at law and suits in equity being brought before the court. Fed.R.Civ.Pro. 1, Advisory Committee Notes. The merger of the actions into one "civil action", however, did not dispose of centuries of jurisprudence regarding when equitable relief is available. Equity is available only when there is no adequate remedy at law. *See, Deweese v. Reinhard*, 165 U.S. 386,389,17 S. Ct. 340 (1897) (action in equity may not restrain action at law; party had opportunity for full and adequate relief at law).

*A.  GBCFCP is a Creature of Law, Not Equity*

The Glacier Bay Commercial Fisheries Compensation Program (GBCFCP) is a creation of statutory law. It isn't a matter of unwritten common law, such as property and torts rights, adopted from our system's English forebears. The Glacier Bay legislation created a fund, with a statutorily mandated process for establishing the rules to distribute the fund.

Pursuant to the legislation, public hearings were conducted in the process of determining which affected parties would be entitled to a portion

MORAN v. ESTATE OF AASE
J02-011CV(JWS)   - 3

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

of the $23 million fund.  Rules were established regarding what proof would be necessary to establish a claim to the fund.

Tony Moran *wishes* that the Compensation Plan had been written this way:

1.  Any applicant who buys a vessel at a Marshal's sale that was used to fish Tanner crab during the qualifying years is entitled to compensation based upon the amount of crab landed by any former owner or charterer of that vessel during the qualifying years.

2.  It is not a prerequisite that the applicant <u>ever</u> have owned a Tanner crab permit.

***That is not how the Compensation Plan was written, however.*** Tony Moran had a right to be heard and considered at the public hearings which were preliminary to the establishment of the Plan.  If Tony felt that the Compensation Plan was wrong in its creation, implementation, or in the criteria used, he should have sued the Department of the Interior and National Park Service to challenge the regulations.  But Tony Moran didn't legally challenge the creation or implementation of the Compensation Plan.

B.   *Entitlement to a Share of the Fund is a Question of Law; The Process for Appealing the Denial Is Established by Law*

The enabling statute and federal regulations also provided a reasonable basis to appeal any denial of an application.  The Administrative Procedures Act provides a basis to appeal the final agency decision.

In short, the entire process of establishing a claim to the GBCFCP is established by law.

MORAN v. ESTATE OF AASE
J02-011CV(JWS)   - 4

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

The actual Compensation Plan, as implemented, required Tanner crab permit holder compensation applicants to have a state limited entry Tanner crab permit. Tony Moran didn't. Therefore he didn't qualify. It is a simple matter of law. He can, and did, make his equitable arguments to the agency, and the agency applied the law as written. No permit, no permit holder compensation. It is as simple as that.

### III. Equitable Relief Is Not Available Where the Matter Is Strictly An Issue of Law

Relief in equity is available when a remedy at law fails or is inadequate. Equitable relief is unavailable in an action at law. *See, e.g., Alaska Child Support Enforcement Division v. Valdez*, 941 P 2d 144 (Alas. 1997). Equity supplements but does not contradict an action at law. Moran had an adequate remedy at law by appealing the administrative law decision. He chose not to. The agency determined that Moran did not qualify for the Glacier Bay permit holder compensation. That is an issue of law. As a matter of law, he either qualified or he didn't. There is no basis or justification for not seeking a final <u>legal</u> resolution (through an APA appeal) and simply arguing that Moran is more deserving in equity than Carl Aase to receive the compensation.

### IV. If Amendment is Permitted, The New Relief Should only be Added to the Current Amended Complaint; Plaintiff Should Not be Allowed to Whitewash or Clean Up Pending Allegations

If the Court allows an amendment, the new equitable relief sought (i.e., unjust enrichment, constructive trust) should simply be <u>added</u> to those prior allegations that are already part of the record.

MORAN v. ESTATE OF AASE
J02-011CV(JWS)  - 5

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

If the complaint is permitted to be amended, it should be done such that the allegations that have been consistently made by plaintiff for three years remain a part of the pleadings.  Defendant believes the evidence will show at the end of this process, based on Mr. Moran's recent deposition, that the Court will conclude that defendant is entitled to Rule 11 sanctions. It is important that the allegations which were in place at the time the action was appealed to the Ninth Circuit remain in place.

    A.    *Moran's Allegation that He Qualified for Compensation Should Remain Part of the Complaint*

In his complaint (Dkt. 1, Par. 11) and amended complaint (Dkt. 10, Par. 12), Plaintiff Moran alleges "Plaintiff submitted the necessary information to the Park Service in order to meet the requirement … to obtain compensation…".  That allegation has been completely removed, and Plaintiff, in his proposed amended complaint, does not allege he was entitled to the compensation from the agency.  Not a word.  What happened?

Mr. Moran has just admitted in his deposition that he reviewed the Compensation Plan before he made out the application. *Dep. of Moran, p. 73, ll. 3-6.*  He understood that the regulations required that he be a permit holder in order to qualify for permit holder compensation. *Dep of Moran, p. 45, ll.20 through p. 46, l. 1.*  He admits he was aware that he did not hold a tanner permit, nor any crab permit. *Dep of Moran, p. 14, l. 22 – p. 15, l. 9.*  Notwithstanding, Mr. Moran submitted a notarized representation that he actually <u>did</u> own a crab permit! *Dep of Moran, p. 16, l.20 to p. 17, l. 23.*

MORAN v. ESTATE OF AASE  
J02-011CV(JWS)  - 6

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington  98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

So now that we've established in his deposition, under cross-examination, that Tony Moran was aware he did not qualify, the allegations in his complaint (and amended complaint) that the National Park Service wrongly denied him the Glacier Bay permit holder compensation should remain.  The previous allegations go to questions of his credibility and good faith in making the GBCFCP claim and in suing Carl Aase. These allegations were the basis of this Court's previous relief and should not be "cleaned up" by the proposed amended complaint.

      B.    *Moran's Allegation That He Bought the Fishing History and Rights to GBCFCP in the ADDENDUM Should Remain[1]*

In Moran's initial complaint (Dkt. 1, par. 7), and his amended complaint (Dkt. 10, par. 8) Moran alleges Carl Aase "agreed to sell the plaintiff all the fishing rights or fishing history of the F/V NORTHWYN **in the ADDENDUM agreement**...".  That allegation has been eliminated in Moran's proposed complaint.  Which is not surprising, in light of Mr. Moran's recent testimony.

Mr. Moran had already hired counsel in July, 1999, to maximize his potential Glacier Bay Compensation Program recovery. *Dep of Moran, p.39 l. 24 to p. 40, l. 21.*  The ADDENDUM was drafted by Mr. Moran (or his agent) in December, 1999.  Mr. Moran assumed that the Glacier Bay compensation was going to be based upon the history of catching Tanner crab in Glacier Bay. *Dep of Moran, p. 39, ll.15-23.*   He specifically referenced in the ADDENDUM the License Limitation Program (for Central

---

[1] Defendant will be filing a summary judgment on this theory forthwith.

MORAN v. ESTATE OF AASE                    CAREW LAW OFFICE
J02-011CV(JWS)   - 7                             5450 California Avenue SW, Suite 101
                                                     Seattle, Washington  98136
                                                     Telephone: (206) 587-0590
                                                         Fax: (206) 587-2388

Gulf groundfish), but did not include any written reference to the GBCFCP. He knew that the compensation likely would be based on a permit holder's history of fishing, but did not verbally address the Glacier Bay rights with Carl Aase at the time. *Dep of Moran. p.34, l. 2 through p. 36, l. 23.*

Alaska law looks only to express manifestations of intent and understanding at the time of entering the contract. *Peterson v. Wirum*, 625, P.2d 866, 870 (Alaska 1981); *Norville v. Carr-Gottstein Foods Co.*, 84 P.3d 996, 1003 (Alas. 2004). Moran knew about the potential GBCFCP and chose to be silent about it both in the writing (i.e., the ADDENDUM) and in simultaneous conversations. There was intentionally no express manifestations by the drafter of any reference to the Glacier Bay fishing rights.

In conflicting and contradictory language (*see par. 8 of proposed complaint*) plaintiff proposes to modify his theory to now assert the ADDENDUM a) "confirmed" the "transfer of ownership and the fishing history" at the Marshal's sale, <u>and</u> b) transferred the permits and fishing history <u>regardless</u> of whether they transferred at the Marshal's sale.

To allow this amended complaint to be filed, in its present form, will completely confuse the record. This case has already gone up to the Ninth Circuit Court of Appeal on the First Amended Complaint. The amended complaint bears little resemblance to the case Plaintiff filed, and the complaints that the Ninth Circuit has already reviewed. Plaintiff's allegations are significantly changed, downplaying or hiding the bases initially alleged.

MORAN v. ESTATE OF AASE  
J02-011CV(JWS)   - 8

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington  98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

### V. Plaintiff's Attempt to Change the Basis for Jurisdiction Should not be Permitted

Plaintiff asserts in the Amended Compliant that this is a diversity of citizenship case. This is not and never was a diversity case. *See*, Order, Dkt. 48. Plaintiff claims now the jurisdiction in the case "was also based on 28 USC § 1331 (federal question) because the action involved a claim against the USA arising under federal law." (Proposed Second Amended Complaint, par. 4). That is incorrect on two grounds. First, Plaintiff sought the Court's interpretation of federal law as it applied to the Glacier Bay Commercial Fisheries Compensation Program, as implemented by the National Park Service. That is a federal question. Second, jurisdiction over the U.S. as a party invokes 28 U.S.C. § 1346, not § 1331.

### CONCLUSION

The request for the equitable remedies (unjust enrichment, constructive trust) should not be permitted. This is an action at law. Tony Moran has adequate remedies at law. If he doesn't qualify at law, equity cannot contradict and supersede the law. Additionally, the jurisdictional basis is 28 U.S.C. 1331, federal question, and attempted amendment will not change that. The proposed amendments are futile, and therefore should not be permitted. The motion should be denied.

As for those parts of the proposed amendment that do not seek additional relief, they should not be permitted either. Based on Plaintiff's earlier allegations (that he qualified for Glacier Bay Compensation from the Agency; that he bought the fishing rights in the ADDENDUM) this Court

MORAN v. ESTATE OF AASE  
J02-011CV(JWS)   - 9

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington 98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

1  granted Plaintiff judgment, and ordered that the funds be held in the

2  registry of the Court.   Both of those allegations were patently, knowingly,

3  incorrect.  Those allegations, and all others should remain in the case in

4  their present form.

5  Dated  this  20 th day of March, 2006, at Seattle, Washington.

6                                                          /s/     Shane C. Carew
                                                           5450 California Ave. SW,
7                                                          #101, Seattle, WA 98136
                                                           Phone: (206)587-0590
8                                                          Fax: (206)587-2388
                                                           shane@carewlaw.com
9                                                          Alaska Bar No. 9407067
                                                           Counsel for Defendant
10

11                      **CERTIFICATE OF SERVICE**

12  This certifies that on the   20th day of March, 2006, a true and correct copy
    of the document was served on:
13
    Bruce Weyhrauch
14  Law Office of Bruce Weyhrauch, LLC
    114 S Franklin Street, Suite 200
15  Juneau, AK 99801

16  James Reeves
    Dorsey & Whitney LLP
17  1031 W Fourth Ave., Suite 600
    Anchorage, AK  99501
18
    by electronic means through the ECF system as indicated on the Notice of
19  Electronic Filing, or if not confirmed by ECF, by first class, regular mail.

20                                                          /s/     Shane C. Carew
                                                           5450 California Ave. SW,
21                                                          #101, Seattle, WA 98136
                                                           Phone: (206)587-0590
22                                                          Fax: (206)587-2388
                                                           shane@carewlaw.com
23                                                          Alaska Bar No. 9407067
                                                           Counsel for Defendant
24

25
    **MORAN v. ESTATE OF AASE**           CAREW LAW OFFICE
    **J02-011CV(JWS)**   **- 10**          5450 California Avenue SW, Suite 101
                                            Seattle, Washington  98136
                                            Telephone: (206) 587-0590
                                            Fax: (206) 587-2388