James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>                    Defendant. | Case No. J02-011 CV (JWS)<br><br><br>PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR LEAVE TO FILE <u>SECOND AMENDED COMPLAINT</u> |

Plaintiff moved for leave to file his Second Amended Complaint to provide a revised and update statement of his claim in light of changed circumstances since the filing of the First Amended Complaint. One impetus for this motion was the defendant's comment in its Memorandum filed on March 3, 2006, that plaintiff's legal position appeared to be beyond the scope of the current pleadings and called for an amendment. While plaintiff does not agree, he accepted the defendant's challenge and offered the amended pleading.

Defendant complains because the plaintiff's proposed Second Amended Complaint cites and relies on 28 U.S.C. § 1332 (Diversity of Citizenship) as the jurisdictional basis for his claim. As defendant notes, the jurisdiction may also be established under 28 U.S.C. § 1346 because this case originally involved a claim against

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Reply to Opposition to Motion for Leave to
File Second Amended Complaint
Page 1 of 4

Moran v. Estate of Carl Aase
Case No. J02-011 CV (JWS)

the United States as the stakeholder of the funds that are in dispute. (The Court granted the U.S.A.'s motion to remove it from the service list, and the U.S.A. evidently no longer considers itself a party; but the federal funds at issue are deposited with the Court and constitute the <u>res</u> to which the two opposing private parties assert their claims.)

The defendant argues that the motion for leave to file the amended pleading should be denied on the ground of futility because the plaintiff seeks an equitable remedy (constructive trust based on unjust enrichment) and that such a claim should be barred due to the availability of adequate remedies at law. This is an argument in the nature of an affirmative defense. It may be asserted at the appropriate time by the defendant after the Second Amended Complaint has been filed, either by means of a pre-answer motion to dismiss or by a motion for summary judgment. Plaintiff does not agree that there is or ever was an adequate remedy at law. The Court's jurisdiction is not in any way limited with respect to a diversity action seeking an award of money simply because the claim is based on an equitable theory.

Defendant offers an argument about the relationship between an "action at law" and a case seeking an equitable remedy. Here, defendant disregards Rule 2 of the Federal Rules of Civil Procedure, abolishing the distinction between actions at law and actions in equity in favor of the principle that "[t]here shall be one form of action to be known as 'civil action'."

The basis of plaintiff's unjust enrichment/constructive trust claim is stated in the proposed Second Amended Complaint and is also discussed in its Memorandum in Opposition to Defendant's Motion for Summary Judgment, dated and filed on February 21, 2006. Defendant has not attempted to controvert the legal or factual bases for this claim.

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Defendant mentions Rule 11 in its opposition. Rule 11(c)(1)(A) requires that a party seeking sanction under Rule 11 do so "separately from other motions or requests." The evident purpose of this rule is to avoid contaminating discussion of the merits of a legal issue, such as the procedural issue raised by the pending motion for leave to file the Second Amended Complaint, with distracting arguments about the conduct of attorneys. The gist of the defendant's argument is that the plaintiff should not be allowed to file an amended pleading that would supersede a previous pleading that might contain statement constituting a Rule 11 violation. No authority is cited for this counter-intuitive theory, and counsel is not aware of any.

Defendant has not stated any legitimate reason for denial of the plaintiff's motion seeking leave to file his Second Amended Complaint.

Respectfully submitted this 28th day of March, 2006.

        DORSEY & WHITNEY LLP
        Attorneys for Plaintiff


        By   /s/ James N. Reeves
            James N. Reeves, ABA #7206031
            Dorsey & Whitney LLP
            1031 West Fourth Avenue, Suite 600
            Anchorage, AK  99501-5907
            (907) 276-4557
            reeves.jim@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Reply to Opposition to Motion for Leave to        Moran v. Estate of Carl Aase
File Second Amended Complaint
Page 3 of 4        Case No. J02-011 CV (JWS)

CERTIFICATE OF SERVICE
This certifies that on the 28th day of March, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W., Suite 101
Seattle, Washington  98136

Bruce Weyhrauch
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska  99801

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Reply to Opposition to Motion for Leave to
File Second Amended Complaint
Page 4 of 4
479147\00001

Moran v. Estate of Carl Aase

Case No. J02-011 CV (JWS)