# BRUCE B. WEYHRAUCH, LLC

whyrock@ptialaska.net

114 S. FRANKLIN ST
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

May 24, 2002

RECEIVED
MAY 2 5 2002
BY: KLW

**Via Certified Mail**

Regional Director, Alaska Region
National Park Service
U.S. Department of the Interior
2525 Gambell Street
Anchorage, AK 99503

    Re:   Appeal of Anthony Moran as a Tanner and King Crab
           Permit Holder Under the Glacier Bay Commercial Fishing
           Compensation Program
           File: 203.253

Dear Regional Director:

    Mr. Anthony Moran herein appeals the April 5, 2002 decision by Tomie Patrick Lee, Superintendent of Glacier Bay National Park, of his application for compensation under the Glacier Bay Commercial Fishing Compensation Program (Sept. 2001) ("Program").

    Mr. Moran claimed compensation under the Tanner crab pot permit holder and the king crab pot permit holder categories of the Program. Copy enclosed. The April 5 decision denied him compensation for these fisheries because he did not provide documentation of Glacier Bay Tanner or king crab landings that he made himself. Copy enclosed.

    Mr. Moran claims compensation under the Tanner crab pot permit holder category for 10 years, between 1989 and 1998 inclusive, for a total Glacier Bay

Regional Director, Alaska Region
May 24, 2002
Page 2


Tanner crab harvest of 458,612 pounds. He claims compensation under the king crab permit holder category for two years, 1989 and 1997, for a total Glacier Bay king crab harvest of 2,214 pounds.

The April 5 decision denied him credit for any harvest of king or Tanner crab crab. As shown below, the April 5 decision is incorrect, and should be modified here on appeal.

### Explanation of Why the Decision Below Is in Error

Anthony Moran set out in his notarized affidavit accompanying his application for compensation under the Tanner and king crab permit holder categories under the Glacier Bay Compensation Program for Glacier Bay crab harvests during the 1989 to 1998 period.

The April 5 decision denied his compensation claim. The decision stated that he had "not provided documentation of Glacier Bay Tanner Crab landings." The decision went on to assert that while he provided landing data for the F/V NORTHWYN, which Mr. Moran owns, he did not make the landings. The April 5 decision asserted that "only" the permit holder of record for those landings was eligible for compensation. The Park Service indicated that the permit holder who made the landings and who it tentatively plans to provide compensation to for the king and Tanner crab landings, is Carl Aase. Mr. Aase is former owner of the F/V NORTHWYN. The Park Service asserted that the Compensation Program did not "have any provision to compensate applicants based on another individual's harvest history, only your own." April 5 letter of Decision.

Mr. Moran's affidavit explained the basis his compensation claim. He owns the history of commercial fishing in Glacier Bay for the king and tanner crab fisheries that were made between 1989 and 1998 on the NORTHWYN.

According to Mr. Moran, the name of fishing vessel that fished in Glacier Bay during the 1989 - 1998 period and which accumulated the fishing history for king and tanner crab was the F/V NORTHWYN. Mr. Aase was the former owner

Regional Director, Alaska Region
May 24, 2002
Page 3

of the NORTHWYN, which was seized and sold by the U.S. Marshall at public auction. In 1999, Mr. Moran purchased the NORTHWYN, her engines, machinery, appurtenances, etc., at an U.S. Marshal sale.

After Mr. Moran purchased the NORTHWYN, he and Mr. Aase signed an Agreement, which was called "ADDENDUM." Under that Agreement, Mr. Aase sold all the fishing rights or fishing history of the F/V NORTHWYN to Mr. Moran. The fishing history in Glacier Bay was not excluded from that Agreement and belong to Mr. Moran.

The State of Alaska's Commercial Fishing Entry Commission recognized that the landing records and the past landing history of the NORTHWYN and its former owner Mr. Aase had been transferred by Mr. Aase to Mr. Moran and were now owned by Mr. Moran. The State of Alaska recognized that Mr. Aase has no privacy rights or interests in the fishing history and fishing records related to the F/V NORTHWYN. The State of Alaska further recognized that Mr. Moran proved that he is entitled to the records of the NORTHWYN because of the terms of the Agreement in which Mr. Moran purchased the fishing history of the NORTHWYN.

The State's CFEC would not have provided the landing records of the NORTHWYN to Mr. Moran if he was not the rightful owner of those records, and could not claim the records of the crab landings in Glacier Bay as his own.

Based on this background, Mr. Moran obtained and submitted with his compensation claim, documentation from the State's CFEC of the Glacier Bay king and tanner crab harvests in total pounds, and the value of the landings from Glacier Bay, for the NORTHWYN for 1989-98. Mr. Moran submitted the CFEC landing reports with his compensation application. He also enclosed copies of logbooks from the NORTHWYN showing that the fishing activity for tanner crab in 1991 and 1992 was in Glacier Bay.

Mr. Moran asks that the logbooks from the NORTHWYN, which he has and owns, be used to supplement his record on appeal. Copies of the NORTHWYN's

3

Regional Director, Alaska Region
May 24, 2002
Page 4

vessel logs that indicate that the vessel made landings of Tanner crab in Glacier Bay from 1989 through 1992 are attached. Those additional landings should be allocated to Mr. Moran to increase his compensation under the Program, over that which the Park Service has designated to the past owner of the NORTHWYN.

Because Mr. Moran is the owner of the landing history of the NORTHWYN, he not Mr. Aase is entitled to compensation based on the landings of the NORTHWYN in Glacier Bay for king and Tanner crab.

### Request for Oral Hearing

Mr. Moran herein requests a hearing on this appeal.

### Conclusion

Anthony Moran herein has appealed the April 5, 2002, decision by Glacier Bay National Park Superintendent Tomie Patrick Lee, on his request for compensation under the Glacier Bay Compensation Plan Program based on his status as the owner of the landing history of king and Tanner crab landings in Glacier Bay by the NORTHWYN. Any landings and compensation that have been earmarked for the NORTHWYN, or Mr. Carl Aase as the former owner of the NORTHWYN, should be distributed to Mr. Moran, as the owner of both.

Very truly yours,

Bruce B. Weyhrauch

Enclosures

C:   Mr. Anthony Moran