James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>        Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>        Defendant. | Case No. J02-011 CV (JWS)<br><br>PLAINTIFF'S OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT REGARDING "ADDENDUM" AND "APPURTENANCE" ISSUES |

   Plaintiff's Motion for Leave to File his Second Amended Complaint was filed on March 13, 2006, and is pending for decision. The issues to be adjudicated in this case depend upon whether the Court grants that motion. Despite this uncertainty, defendant filed two motions for summary judgment, one on March 24 and one on March 31, 2006. These motions address issues presented by the pleading that the Second Amended Complaint would supersede if the pending Motion for leave to file it is granted. Plaintiff does not question defendant's right to file the motions for summary judgment in these circumstances, but suggests that the interests of efficient judicial administration would be served by deferring consideration of them until after the Court rules on the motion for leave to file the Second Amended Complaint.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motions for Summary                 Moran v. Estate of Carl Aase
Judgment Regarding "Addendum" and
"Appurtenance" Issues
Page 1 of 6                                             Case No. J02-011 CV (JWS)

Both of the two motions miscast the plaintiff's current legal position, failing even to mention the proposed Second Amended Complaint and the plaintiff's legal position in his brief opposing the defendant's pending motion to dismiss the First Amended Complaint. Plaintiff's claim, as stated there, is based upon unjust enrichment. He seeks imposition of a constructive trust upon the funds awarded by the National Park Service to the defendant's decedent because it would be fundamentally wrong for those funds to be paid to defendant. See Plaintiff's Opposition to Motion to Dismiss dated February 21, 2006; Plaintiff's Second Amended Complaint (proposed), filed with Motion for Leave to File on March 15, 2006. Neither of the two motions for summary judgment address this claim. Nowhere in the briefing on either of the summary judgment motions has the defendant responded to the unjust enrichment claim. As defendant pointed out in his opposition to the motion to dismiss, filed February 21, 2006, "[w]hether there has been unjust enrichment is generally a question of fact." State, Dep't of Revenue v. Wetherelt, 931 P.2d 383, 390 n. 11 (Alaska 1977).

Congress decided that fishermen whose future income-earning opportunities were adversely effected by restriction of commercial fishing activities in Glacier Bay should be compensated for that future harm. A compensation program was established for this purpose. It explicitly stated that it was not intended to provide compensation to "inactive" fishermen or "retirees" like Mr. Aase, but was for people like Mr. Moran who were "active in the industry" and therefore would experience "future loss" because of the new law's effect upon "current participation in the fishery." Glacier Bay Compensation

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motions for Summary    Moran v. Estate of Carl Aase
Judgment Regarding "Addendum" and
"Appurtenance" Issues
Page 2 of 6                                      Case No. J02-011 CV (JWS)

Plan (September 2001), p. 6.[1]  The Plan states that distributing compensation to inactive fishermen such as Mr. Aase would be a "serious challenge to the fairness of a compensation program that is intended to compensate of <u>future</u> loss."  <u>Id.</u>  It is Mr. Moran, not Mr. Aase, who faced the prospect of future loss and, since restruction of Glacier Bay fisheries, has actually experienced the economic loss that Congress anticipated.

Plaintiff Tony Moran purchased the vessel previously owned by the defendant's decedent Carl Aase at a Marshal's Sale when Aase's creditor foreclosed its preferred ship mortgage.  Moran acquired all rights that had been hypothecated by Aase to the lender under the mortgage.  A copy of the preferred ship mortgage is before the Court as Appendix A to Plaintiff's Memorandum dated February 21, 2006.  It encompasses not only the vessel but all "necessaries thereunto appertaining."  As a matter of law, these "appurtenances" include the fishing history of the vessel.  The fishing rights and fishing history of the vessel constituted appurtenances that are subject to the lien and passed to the new owner with the sale of the vessel.  <u>Gowen v. F/V Quality One</u>, 244 F.3d 64 (1st Cir. 2000).  This is not the unanticipated result of application of some obscure principle of maritime lien law; this result obtains because Mr. Aase agreed that the assets to which his creditor has recourse in the event of a default and payment of his loan included appurtenances.

Defendant seeks to discredit the <u>Gowen</u> decision by citing and quoting from a recent law review article that criticizes the decision, but overlooks a second law review

---

[1] A copy of the Plan is before the Court as Appendix B to Plaintiff's Opposition to the Motion to Dismiss, filed February 21, 2005.

Plaintiff's Opposition to Motions for Summary                                    Moran v. Estate of Carl Aase
Judgment Regarding "Addendum" and
"Appurtenance" Issues
Page 3 of 6                                                                      Case No. J02-011 CV (JWS)

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

article published with it that supports Gowen. Zapf, "Appurtenances: What are They and Are Fishing Permits Among them?" 79 Tulane L. Rev. 1339 (2005). While the other article dismisses the Gowen decision as merely an "intoxicating siren song," the Zapf article agrees with the Gowen decision that "fishing rights and fishing histories are appurtenances to the vessels to which they belong." Id. at 1350.

Mr. Aase also agreed to this in the "Addendum" document that is addressed by the first of Defendant's two pending motions for summary judgment. For some reason, defendant did not submit a copy of this document with its motion or even quote its material provision, which reads: "for the additional amount of three thousand and no/100 ($3,000) Seller is in agreement that all the Fishing Rights or Fishing History of the F/V NORTHWYN" were included in the assets acquired by Moran at the Marshal's sale.[2] A copy of the Addendum is attached to the Declaration of Shane Carew dated April 10, 2003, as Exhibit 1.

The word "all" as used in the Addendum means "all." The self-evident purpose of the Addendum was, as it states, to confirm that "all" of these rights and history were included in the earlier sale. The Addendum was drafted by Ms. Olivia Olsen, who evidently acted as decedent Carl Aase's agent in connection with his Glacier Bay compensation application. Olsen Affidavit dated March 31, 2003. She is apparently the person who made what appears to be a scrivener's error by dropping the last part of the final sentence of the text, thus setting the stage for the current dispute about the

---

[2] The Addendum continues with additional recitals about the meaning of the phrase "Fishing Rights" but says nothing more about "Fishing History."

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motions for Summary  Moran v. Estate of Carl Aase
Judgment Regarding "Addendum" and
"Appurtenance" Issues
Page 4 of 6  Case No. J02-011 CV (JWS)

Addendum. But that error does not cast any doubt on the intended meaning of the word "all," which is unambiguous.

Moran adopts by this reference the argument he made in his brief in opposition to the pending motion to dismiss. As stated there, this is a case about unjust enrichment and the application of the constructive trust remedy, a quasi-contractual claim. It is not based on a claim that any decision by the NPS was illegal. It does not stand or fall upon the definition of the word "appurtenance" or the precise interpretation of the Addendum. Rather, it deals with the injustice of allowing the defendant to retain money that the NPS awarded to a <u>retired</u> fisherman under a program that was intended to provide compensation to <u>active</u> fishermen for future economic loss, such as plaintiff Moran faced due to his acquisition of the F/V NORTHWYN and its appurtenant fishing rights and history.

## CONCLUSION

The Court should deny defendant's motions for summary judgment because they are directed to the wrong pleading, and should grant the plaintiff's motion for leave to file its Second Amended Complaint. In the alternative, the Court should deny the two motions because they both concern genuine issues of material fact, the relevance of which depends upon the state of the pleadings. In the alternative, should the Court decide to address the issues raised by the defendant's motions on the merits, and determines that there are no genuine issues of material fact requiring trial, the Court should deny both the motions on the merits for the reasons stated hereinabove.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Plaintiff's Opposition to Motions for Summary                      Moran v. Estate of Carl Aase
Judgment Regarding "Addendum" and
"Appurtenance" Issues
Page 5 of 6                                                        Case No. J02-011 CV (JWS)

Respectfully submitted this 17th day of April, 2006.

DORSEY & WHITNEY LLP
Attorneys for Plaintiff

By   /s/ James N. Reeves
  James N. Reeves, ABA #7206031
  Dorsey & Whitney LLP
  1031 West Fourth Avenue
  Suite 600
  Anchorage, AK  99501-5907
  (907) 276-4557
  reeves.jim@dorsey.com

CERTIFICATE OF SERVICE
This certifies that on the 17th day of April, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136

Bruce Weyhrauch
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska  99801

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Opposition to Motions for Summary                    Moran v. Estate of Carl Aase
Judgment Regarding "Addendum" and
"Appurtenance" Issues
Page 6 of 6                                                     Case No. J02-011 CV (JWS)