1 | Shane Carew, P.S.
2 | 5450 California Avenue S.W.
  | Suite 101
3 | Seattle, WA 98136
  | Tel: 206.587.0590
  | Fax: 206.587.2388
4 | shane@carewlaw.com

5

6

7

8

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

9

10

| ANTHONY MORAN, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. J02-011 CV (JWS) |
| | ) |
| ESTATE OF AASE, | ) |
| | ) |
| Defendant | ) |
| | ) |

15

16

**MOTION FOR RULE 11 SANCTION**

"Plaintiff submitted the necessary information to the Park Service in order to meet the requirement … to obtain compensation…".  Complaint (Dkt. 1, Par. 11) and Amended Complaint (Dkt. 10, Par. 12).

This allegation is absolutely false.  Does this allegation merit Rule 11 sanction?  Yes.

Carl Aase's daughter, Angela Elam, in her capacity as personal representative, strongly urges that Rule 11 sanction is warranted, and requests that the Court impose a sanction against plaintiff's recently withdrawn counsel, Mr.

25

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 1**

1   Weyhrauch.   The acts and omissions at issue were not those of new counsel, Mr.

2   Reeves, and no sanction is sought of Mr. Reeves. Fed. R. Civ. Pro. 11(c)(1)(A)

3       The safe harbor provision of Rule 11 has been complied with if this motion has

4   been filed.  Mr. Weyhrauch will have been given the requisite time to state clearly on

5   the record that his representations to the Court were not warranted, and that the

6   allegations are clearly withdrawn.

### SPECIFIC CONDUCT ALLEGED TO HAVE VIOLATED RULE 11(b):  PLAINTIFF'S COMPLAINTS FALSELY ALLEGE PLAINTIFF MET REQUIREMENTS TO OBTAIN PERMIT HOLDER COMPENSATION

10      The legal contention that "Plaintiff submitted the necessary information to the

11  Park Service in order to meet the requirement … to obtain compensation..."  was not

12  warranted by existing law or a non-frivolous argument for the extension, modification,

13  or reversal of existing law or the establishment of new law.  Fed. R. Civ. Pro.

14  11(b)(2).

15      Mr. Moran made application to the National Park Service, Department of the

16  Interior, for Glacier Bay Individual Permit Holder compensation.  Mr. Moran did not

17  qualify.  Mr. Moran "did not, and could not produce a 'copy of current permit for each

18  fishery for which [he was] seeking compensation (Tanner pot, Tanner ring, halibut,

19  Dungeness crab, power troll, hand troll, King crab and/or groundfish)' Compensation

20  Plan, page 18."[1]

21      It was a patent misrepresentation to the Court that Mr. Moran met the

22  requirements: the allegation was one of the core allegations for Plaintiff's complaint,

23

24

[1] Department of Interior decision, Dkt. 28, Ex. 1, pp. 8-9 (Jan. 22, 2003).

25

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1  upon which the Court entered default judgment for the Plaintiff.  In short, Mr.

2  Weyhrauch represented to the Court that the Agency had wrongly denied Mr.

3  Moran's application for compensation, that he was appealing the Agency's wrongful

4  denial, and plaintiff was entitled to a remedy from this court for the Agency's action.

5      In the case of a default, the factual allegations of the complaint are taken as

6  true.  10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice*

7  *& Procedure*  § 2688 (3d ed. 1998).  Thus, it is critically important that the factual

8  representations are true and accurate.

### IT IS UNDISPUTED THAT ANTHONY MORAN DID NOT SUBMIT "THE NECESSARY INFORMATION TO THE PARK SERVICE IN ORDER TO MEET THE REQUIREMENT TO OBTAIN INDIVIDUAL PERMIT HOLDER COMPENSATION "

A.    *The Regulations Clearly State Applicants Must Own a Relevant Permit*

14     Proving qualification for Individual Permit Holder Compensation was basically

15  a two step process.  First, applicants for tanner crab Permit Holder Compensation

16  had to prove they actually owned a tanner crab permit.  If that was proven, the next

17  step was showing the permit holder's history of actually landing crab. Pretty

18  uncomplicated.     Mr. Moran's argument regarding fishing history was irrelevant,

19  because he didn't get past the first stage of proof:  he never owned a permit.

20     Mr. Moran has admitted in his deposition that he reviewed the Compensation

21  Plan before he made out the application. Dkt 71, Dec of Carew, *Dep. of Moran, p. 73,*

22  *ll. 3-6.*  He understood that the regulations required that he be a permit holder in

23  order to qualify for permit holder compensation.  Dkt 71, *Dep of Moran, p. 14, l. 22 –*

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 3**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1   *p. 15, l. 9.* He admits he was aware that he did not hold a tanner permit, nor any crab

2   permit.  Dkt 71, *Dep of Moran, p. 17 l. 20-23.*[2]

3   B.   *The Agency Had Previously Denied Moran Because He Lacked a Permit*

4           Mr. Moran's counsel was clearly aware of the relevance and significance of the

5   lack of a tanner permit.  Not owning a tanner crab limited entry permit, had been the

6   express basis of a previous denial of a Glacier Bay benefit to Mr. Moran.  *See* Dec. of

7   Carew.  This was already an old issue when the complaint was filed.

8           The Lifetime Access Permit (LAP) benefit was separate from the Permit

9   Holder Compensation.  They had very similar criteria, however:  ownership of a

10  tanner crab permit, and the permit holder's landing crab in a qualifying year.  Mr.

11  Moran applied to the National Park Service for the LAP to fish for tanner crab in

12  Glacier Bay and was turned down on March 20, 2001.

13          This was ten months before Moran made his application for Individual Permit

14  Holder compensation. Dkt. 80, *Dec. of  Carew,* Exhibit I.  The denial of the LAP

15
16  benefit was fourteen months before the complaint was filed.

17          Tony Moran's application for a Lifetime Access Permit was denied for the very

18  same reason his application for compensation failed:  he did not have a state limited

19  entry crab permit at the time of application.  *See* Dkt 80, *Dec. of Carew,* Exhibit H.

20  Mr. Moran and Mr. Weyhrauch unquestionably knew that Mr. Moran did not and

21  could not qualify, long before filing this suit for the Permit Holder compensation.

22

23

24  _____

25

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 4**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

## PROPOSED REMEDIAL PLEADING BY MR. WEYHRAUCH
## IS INSUFFICIENT

Mr. Weyhrauch has responded by fax dated April 28, 2006.  Mr. Weyhrauch's proposal is to either drop the allegation altogether, or substitute the following:

> The plaintiff submitted information to the Park Service to obtain compensation for the commercial fishing closures in Glacier Bay, using the landing history of the F/V NORTHWYN that he obtained from the State of Alaska's Commercial Fisheries Entry Commission.

*See,* Declaration of Carew.  Defendant rejects the proposal.  Mr. Weyhrauch and the plaintiff should go "on record" that Plaintiff did not "submit the necessary information to the Park Service…."

Objectively, the original language of the Complaint and Amended Complaint clearly represent Plaintiff qualified for an award of permit holder compensation from the Agency.  This representation was embellished upon by stating to the Court that plaintiff had appealed the Agency's denial of plaintiff's application.  If plaintiff wasn't entitled to the award, why would he appeal?

It is for the Court to determine whether this was a misrepresentation.  The question really is:  did the Court understand when it entered judgment for plaintiff that plaintiff was not directly entitled to the agency award?   If the Court was misled, and the Court feels this was material to the default judgment motion, Mr. Weyhrauch should be sanctioned.

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 5**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1

2

3

4

## MOTION BY NEW COUNSEL TO AMEND COMPLAINT AGAIN DOES NOT EXONERATE PRIOR COUNSEL'S MISREPRESENTATIONS TO THE COURT

5

6

Mr. Weyhrauch, counsel at the time of the representations, should go on record explicitly stating that Mr. Moran could not have qualified for Permit Holder Compensation from the agency and that he was wrong when he made those representations to the Court.  The entry of the default judgment, presumably based upon the allegations, caused Mr. Aase much expense, grief, and heartache.   It resulted in tying up judicial resources unnecessarily.

7

8

9

10

After defendant recently mentioned the possibility of Rule 11 (Dkt. 71, March 20, 2006), Mr. Weyhrauch very shortly withdrew from the case as counsel of record (Dkt. 75, March 28, 2006).  Although it was Mr. Weyhrauch's pleadings, not Mr. Reeves', which are deserving of sanction, it doesn't serve the purpose of Rule 11 to simply allow the egregious allegation to be dropped now in a <u>second</u> amended complaint and say "bygones."

11

12

13

14

15

16

Defendant believes that the Court would not have granted default judgment if it had been fully apprised of the truth. The truth is and was that plaintiff did <u>not</u> submit "the necessary information" to qualify.

17

18

19

20

The allegation at issue (i.e., Moran's direct entitlement from the agency) has been completely removed in the new proposed amended complaint, which was presented not by Mr. Weyhrauch, but by Mr. Reeves.    While this speaks well of Mr. Moran's new counsel, it does not exonerate Mr. Moran's former counsel.  Simply deleting the allegations in a second amended complaint at this stage, would not fulfill

21

22

23

24

25

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 6**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

the intended purpose of Rule 11.  It is not a sufficiently clear acknowledgment of the wrong.

## RULE 11 MOTION IS TIMELY

Mr. Moran's deposition was only recently taken.  At that time, Mr. Weyhrauch was still co-counsel.  Mr. Weyhrauch did not attend the deposition.  Mr. Moran's deposition testimony shows clearly he knew he failed to "submit the necessary information to the Park Service."  Counsel had advised Mr. Moran in making out the application; Mr. Moran's recent deposition testimony revealed that fact.   Dec. of Carew, *Dep of Moran, p. 18, l. 23 through p.19, l. 6; p. 45, ll. 9-12; p. 63 l. 14-25.* Furthermore, Defendant's counsel only obtained the denial letter for Moran's Lifetime Access application on March 16, 2006.  *See*, Dec. of Carew. The Rule 11 motion is timely.

Defendant has complied with the "safe harbor" provision of Rule 11.  *See,* Declaration of Carew.

## APPROPRIATE SANCTION

To be clear, this motion is not directed toward plaintiff or his current counsel, Mr. Reeves.

The purpose of sanctions under Rule 11 is deterrence, rather than compensation or punishment.  Monetary sanctions are not ruled out, but it appears that non-monetary sanctions are preferred under the 1993 amendment to Rule 11. The selection of the appropriate sanction is a matter consigned to the discretion of the district court.

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 7**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

The sanction should be serious, however.  The sanctionable conduct resulted in a wasting of court resources, and causing Carl Aase severe distress before he died.  Even though counsel withdrew, after notice of the Rule 11 issue, he is still subject to the Court's power to impose sanction because he continues to be a member of the bar of this Court.

Dated this 3rd day of May, 2006, at Seattle, Washington.

/s/   *Shane C. Carew*
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

**Moran v. Estate of Aase**

**J02-011 CV(JWS) - 8**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

1    **CERTIFICATE OF SERVICE**

2    This certifies that on the 3rd day of May, 2006, a true and correct copy of the document was served on:

3

4    Bruce Weyhrauch
     Law Office of Bruce Weyhrauch, LLC
     114 S Franklin Street, Suite 200

5    Juneau, AK 99801
     whyrock@gci.net

6

7    James Reeves
     Dorsey & Whitney LLP
     1031 W Fourth Ave., Suite 600

8    Anchorage, AK  99501
     reeves.jim@dorsey.com

9

     by electronic means through e-mail and by first class, regular mail.

10

11
                                               /s/   Shane C. Carew
12                                             Shane C. Carew
                                               5450 California Ave. SW,
13                                             #101, Seattle, WA 98136
                                               Phone: (206)587-0590
14                                             Fax: (206)587-2388
                                               shane@carewlaw.com
15                                             Alaska Bar No. 9407067
                                               Counsel for Defendant
16

17

18

19

20

21

22

23

24

25

     **Moran v. Estate of Aase**                    CAREW LAW OFFICE
                                                5450 California Avenue SW, Suite 101
                                                   Seattle, Washington  98136
     **J02-011 CV(JWS) - 9**                         Telephone: (206) 587-0590
                                                     Fax: (206) 587-2388