IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Anthony Moran,  )
        Plaintiff,  )
        vs.  )
Carl Aase, Department of the Interior,  )
National Park Service,  )
        Defendants.  )

Case No. J-02-011 CV (JWS)

FILED SEP 11 2002
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

## FIRST AMENDED COMPLAINT

Plaintiff complains and alleges as follows:

1. Plaintiff is a commercial fisherman and a resident of Petersburg, Alaska.

2. Defendant Carl Aase is a former commercial fisherman and is a resident of Seattle, Washington.

3. Defendant Department of the Interior, National Park Service is an agency of the federal government, and administers Glacier Bay National Park.

4. Jurisdiction of this court is proper under 28 U.S.C. § 1332(a).

5. Defendant Carl Aase formerly owned the Fishing Vessel NORTHWYN.

6. In 1999, plaintiff purchased the Fishing Vessel NORTHWYN, Official No 250121, her engines, machinery, appurtenances, etc., at a U.S. Marshal sale by public auction.

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566  FAX: (907) 463-5858

7. After plaintiff purchased the NORTHWYN, plaintiff and the former owner of the NORTHWYN, Carl Aase, signed an Agreement called "ADDENDUM."

8. Aase agreed to sell to plaintiff all the fishing rights or fishing history of the F/V NORTHWYN in the ADDENDUM Agreement, and Aase sold to the plaintiff all the fishing rights and fishing history of the F/V NORTHWYN.

9. Plaintiff renamed the NORTHWYN the TACOMA (Official No. 250121) in 2000.

10. The plaintiff applied for compensation authorized by Congress, and administered by the Department of the Interior, National Park Service under Section 123 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act (Pub. L. 105-277) (Oct. 21, 1998), as amended by Section 501 of the 1999 Emergency Supplemental Appropriations Act (Pub. L. 106-31) (May 21, 1999).

11. The guidelines for compensation adopted by the Park Service require those affected by commercial fishing closures and restrictions in Glacier Bay to submit a history of landings of commercial fisheries in Glacier Bay.

12. The plaintiff submitted the necessary information to the Park Service in order to meet the requirements established by the Park Service, to obtain compensation for the commercial fishing closures in Glacier Bay, using the landing history of the F/V NORTHWYN that he obtained from the State of Alaska's Commercial Fisheries Entry Commission.

13. The plaintiff learned that even though defendant Aase had sold and transferred the rights and landings associated with the F/V NORTHWYN (now the F/V

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

First Amended Complaint
Moran v. Aase, 1:02-011 CV (JWS)

Exhibit D
Page 2 of 4

Page 2 of 4

TACOMA) to the plaintiff, that defendant Aase had also applied for Glacier Bay compensation from the Park Service using the services of Petersburg Fisherman's Services of Petersburg, Alaska.

14. The Park Service has tentatively decided to award defendant Aase $637,067.04 in compensation as a Tanner Crab pot fisherman, based on the landing history of the F/V NORTHWYN, which, on information and belief, Aase submitted with his claim for compensation from the Park Service.

15. Aase had caught the Tanner crab that he claimed compensation for from the Park Service on the F/V NORTHWYN.

16. Defendant Aase had transferred his rights and interests in the landing history of the F/V NORTHWYN to plaintiff Moran, and those rights and interests that were included in the transfer by Aase to Moran were the rights to commercial fishing compensation related to Glacier Bay commercial fishing closures.

17. Aase transferred his rights and interests in the F/V NORTHWYN to Moran, Aase has no interests in the fishing history and fishing records related to the F/V NORTHWYN.

18. Aase sold his rights to the fishing history and the fishing records related to the F/V NORTHWYN to the plaintiff Moran, Aase is not entitled to compensation from the Park Service.

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566   FAX: (907) 463-5858

19. Aase has sold his rights to the fishing history and the fishing records related to the F/V NORTHWYN to the plaintiff, the plaintiff is entitled to the compensation that the Park Service has earmarked for Aase.

20. Aase transferred and sold his rights to any compensation for commercial fishing closures and restrictions in Glacier Bay to the plaintiff.

Wherefore, the plaintiff seeks the following relief:

1. An prejudgment lien on all funds held by the Park Service to prevent the Park Service from transferring any compensation related to the Glacier Bay Compensation Program to defendant Aase.

2. An order directing the National Park Service to pay any funds that it has designated for defendant Carl Aase as a Tanner Crab permit holder, (as of the day of this complaint is $637,067.04) which would otherwise be paid to Aase under the Glacier Bay Commercial Fishing Compensation Program, to be paid to plaintiff Moran.

3. Any other relief that may be appropriate under the circumstances.

4. Costs and fees in bringing this action.

DATED this 11th day of September, 2002

**LAW OFFICE OF BRUCE B. WEYHRAUCH, LLC**

By: *Bruce Weyhrauch*
Bruce B. Weyhrauch, of Attorneys for Plaintiff
Alaska Bar Number 8706057