IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Anthony Moran,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )
                                        )
Carl Aase, and Department of the        )        Case No. J-02-011 CV (JWS)
Interior, National Park Service,        )
                                        )
            Defendants.                 )
_____)

## MEMORANDUM IN SUPPORT OF MOTION FOR A JUDGMENT BASED ON ENTRY OF DEFAULT

The plaintiff, Anthony Moran, has moved for a judgment based on the default entered by the clerk on December 3, 2002, against defendant Carl Aase. This request is made pursuant to Federal Rule of Civil Procedure 55(b)(2). It is explained and supported by this memorandum and the accompanying exhibits.

Granting this request for judgment will allow Mr. Moran to access all funds held by the United States Park Service under the Glacier Bay Compensation Program that are designated for defendant Carl Aase as a Tanner crab permit holder and are based on landings made from the F/V NORTHWYN. As described by the documents in this case, and as a consequence of the default entered against Mr. Aase, those funds rightfully belong to Mr. Moran.

Exhibit ___E___
Page ___1___ of ___7___

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566   FAX: (907) 463-5858

The background section below demonstrates why any money held by the Park Service for Carl Aase belongs to Mr. Moran to justify issuing a judgment based on the default. Following that, the section on the applicable law explains why a judgment is appropriate, and why no form of judgment is submitted herewith.

<u>Background</u>

Mr. Moran is a commercial fisherman. In 1999, Mr. Moran purchased the fishing vessel <u>NORTHWYN</u> that was owned by Carl Aase from the U.S. Marshal at a public auction. After Mr. Moran purchased the <u>F/V NORTHWYN</u>, he and Mr. Aase signed an agreement, which they called an "Addendum." Exhibit 1. Under the terms of the Addendum, Mr. Aase agreed to sell to Mr. Moran all the fishing rights and fishing history of the <u>F/V NORTHWYN</u>. Exhibit 1.

Because of that Addendum, the State of Alaska's Commercial Fisheries Entry Commission stipulated that the landing records and history of the <u>F/V NORTHWYN</u> under its former owner Carl Aase had been transferred by Mr. Aase to Anthony Moran and are now owned by Mr. Moran. Exhibit 2. Further, the State of Alaska acknowledged in that stipulation that Mr. Aase has no privacy rights or interests in the fishing history and records related to the vessel. Exhibit 2. The State of Alaska further stipulated that Mr. Moran proved that he is entitled to the records of the <u>F/V NORTHWYN</u> because of the terms of the agreement in which Mr. Moran purchased the fishing history of the vessel. Exhibits 1 and 2.

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

Exhibit **E**
Page **2** of **7**

Under the stipulation, the Commercial Fisheries Entry Commission agreed to provide the landing records of the F/V NORTHWYN to Mr. Moran. Exhibit 2. It would not have agreed to do that unless he was the rightful owner of those records, and could claim the records of the crab landings in Glacier Bay as his own.

After Mr. Moran purchase the NORTHWYN, which had a fishing history of commercially fishing for Tanner crab in Glacier Bay, the Park Service adopted a plan to compensate commercial fishermen for commercial fishing closures and restrictions in Glacier Bay. Mr. Moran applied for that compensation, in part based on the fishing history of the NORTHWYN in the Tanner crab fishery in Glacier Bay.

On April 5, 2002, the Park Service denied Mr. Moran's application. Exhibit 3. The denial stated that he had "not provided documentation of Glacier Bay Tanner crab landings." Exhibit 3. The decision went on to assert that while he had provided landing data for the F/V NORTHWYN, he had not made the landings. Exhibit 3. The decision asserted that "only" the permit holder of record for those landings was eligible for compensation. Exhibit 3. The Park Service indicated that the permit holder who made the landings -- and who it tentatively planned to provide compensation to for the landings -- is Carl Aase. Exhibit 3. Mr. Moran has appealed this decision. Exhibit 4.

In the meanwhile, even though Carl Aase sold the rights and history of landings associated with the F/V NORTHWYN to Mr. Moran, he also applied for Glacier Bay compensation from the Park Service, based on that vessel's history. Exhibits 3 and 5. The Park Service has tentatively decided to award Mr. Aase $637,067.04 in compensation

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

Exhibit ___E___
Page ___3___ of ___1___

as a Tanner crab pot fisherman, based on the landing history of the F/V NORTHWYN. Exhibit 5.

As a consequence, Anthony Moran initiated this litigation, to protect his interest in any award by the Park Service under the Glacier Bay Compensation Plan that is premised on the landing history of the F/V NORTHWYN. His first amended complaint specifically sought the following relief:

> An order directing the National Park Service to pay any funds that it has designated for defendant Carl Aase as a Tanner Crab permit holder, (as of the day of this complaint is $637,067.04) which would otherwise be paid to Aase under the Glacier Bay Commercial Fishing Compensation Program, to be paid to plaintiff Moran.

On December 3, 2002, the clerk entered a default against defendant Carl Aase.

### Applicable Law

Federal Rule of Civil Procedure 55(b) governs judgment by default. If the claim "is for sum certain or for a sum which can by computation be made certain," the clerk enters judgment for that amount upon proper request. Federal Rule of Civil Procedure 55(b)(1). However, "in other cases" the judgment by default is entered by the court:

> In all other cases the party entitled to a judgment by default shall apply to the court therefor....

Federal Rule of Civil Procedure 55(b)(2). [1]

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

---

[1] Federal Rule of Civil Procedure 55(b) reads in its entirety

> Judgment by default may be entered as follows:
> (1) By the Clerk
> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the

Exhibit **E**
Page **4** of **7**

Federal Rule of Civil Procedure 55(b)(2). [1]

The first amended complaint contains a claim for relief against Mr. Aase mentioning a very specific dollar amount ($637,067.04). However, the claim is not actually "for a sum certain or for a sum which can by computation be made certain," such that the clerk can enter the judgment.

As set out in the first amended complaint, that exact-sounding dollar amount mentioned is the amount the United States Park Service had "designated for defendant Carl Aase as a Tanner Crab permit holder, (as of the day of this complaint is $637,067.04) … under the Glacier Bay Commercial Fishing Compensation Program." (Parenthetical in original.) As further explained in that complaint, that award was tentative. In fact, the dollar amount may change after the preliminary estimate is given.

---

[1] Federal Rule of Civil Procedure 55(b) reads in its entirety:

> Judgment by default may be entered as follows:
> (1) By the Clerk.
> When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
> (2) By the Court.
> In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566   FAX: (907) 463-5858

Memorandum in Support of Motion for a Judgment Based on Entry of Default    Page 5 of 7
Moran v. Aase, et al., J-02-011 (JWS)

Exhibit ___E___
Page ___5___ of ___7___

Thus, a judgment based on the default against Mr. Aase must be handled by the court, not the clerk.

Mr. Moran requests that the judgment clarify his right to all funds that are being held by the United States Park Service (1) under the Glacier Bay Compensation Program that are (2) designated for defendant Carl Aase (3) as a Tanner crab permit holder and are (4) based on landings made from the F/V NORTHWYN. Those four factors will limit the judgment to the funds that are rightfully Mr. Moran's.

First, such a judgment would not give him access to funds administered by the United States Park Service under some program other than the Glacier Bay Compensation Program. Second, it would not give him access to funds designated for someone other than Mr. Aase. Third, it would not give him access to funds designated for Mr. Aase that did not stem from landings made as a Tanner crab permit holder (which is the category of compensation Mr. Moran has applied for). And fourth, it would not give him access to funds held for Mr. Aase that stemmed from landings made from some vessel other than the F/V NORTHWYN, which is the vessel whose landing history Mr. Moran purchased from Mr. Aase.

Mr. Moran is not submitting a form of judgment with this Motion, for Federal Rule of Civil Procedure 58 specifies: "Attorneys shall not submit forms of judgment except upon the direction of the court, and these directions shall not be given as a matter of course." The proposed order accompanying this motion provides a choice for the court to indicate that a form of judgment should or should not be submitted.

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

Exhibit **E**
Page **6** of **7**

In this situation, applying the relevant rule to the factual background, it is evident that a judgment by the court based on the clerk's entry of default against defendant Carl Aase is both appropriate and necessary.

<u>Conclusion</u>

Anthony Moran's request under Federal Rule of Civil Procedure 55(b)(2) for a judgment based on the entry of default against defendant Carl Aase should be granted. Such a judgment will allow Mr. Moran to access funds rightfully belonging to him that are held by the United States Park Service under the Glacier Bay Compensation Program that are designated for defendant Carl Aase as a Tanner crab permit holder and are based on landings made from the <u>F/V NORTHWYN.</u>

DATED this 3rd day of February, 2003.

LAW OFFICE OF BRUCE B. WEYHRAUCH, LLC

By: _Bruce Weyhrauch_

Bruce B. Weyhrauch, Of Attorneys for Plaintiff
AK Bar Number 8706057

LAW OFFICE OF
BRUCE B. WEYHRAUCH, LLC
114 S. FRANKLIN ST.
SUITE 200
JUNEAU, ALASKA 99801
TELEPHONE: (907) 463-5566    FAX: (907) 463-5858

Exhibit  E
Page  7  of  7