

# United States Department of the Interior

NATIONAL PARK SERVICE
Alaska Regional Office
2525 Gambell Street, Room 107
Anchorage, Alaska 99503-2892

IN REPLY REFER TO

F5025(AKRD)

March 17, 2003

Anthony Moran
114 S. Franklin St., Suite 200
Juneau, Alaska 99801

Dear Anthony Moran:

This is the final determination of compensation for your application(s) under the Compensation Plan of the Glacier Bay Commercial Fishing Compensation Program. The Compensation Plan was adopted in accordance with §123 of the Omnibus Consolidated and Emergency Supplemental Appropriations Act (Public Law 105-277) as amended by §501 of the 1999 Emergency Supplemental Appropriations Act (Public Law 106-31).

Final compensation amounts are based on the superintendent's decision and changes made as a result of appeals which altered the distribution of funds. If you filed an appeal, a copy of the hearing officer's recommendation is attached. Unless otherwise noted, the hearing officer's recommendation is adopted as the written basis of the final decision. This decision applies only to the application you filed on your own behalf for compensation. This decision does not relate to your separate civil claim to compensation awarded to Carl Aase.[Anthony Moran v. Carl Aase, Department of the Interior, National Park Service, Case No. J02-11CV (JWS)] Your final compensation base on your application has been determined as follows:

| Application Type | Final Decision | Compensation Per Category: |
|---|---|---|
| Support Business | Denied | $0.00 |
| Crew, tanner crab pot | Denied | $0.00 |
| Permit, tanner crab pot | Denied | $0.00 |
| | **Total Final Compensation:** | **$0.00** |

If you are receiving tanner pot lost permit value compensation, it is based on an equal distribution of the total compensation pool rather than the remainder from the permit reduction sealed bid process. The permit reduction sealed bid process has been withdrawn as unsuccessful in accordance with the terms of the Compensation Plan. Permit reduction bid offers have been converted to lost permit value claims and included in the equal distribution of the compensation pool. If you submitted a successful bid, a copy of the administrative decision withdrawing the permit reduction sealed bid process is attached.



Exhibit F
Page 1 of 4

Tax questions regarding your compensation should be referred to either the IRS or a tax advisor. If you receive less than the final compensation amount indicated above, it is likely related to a lien filed with the Department of Treasury. Please contact the Treasury Offset Program Office at 1-800-304-3107 for more information on payment offsets. The National Park Service is not notified when offsets occur and will not be able to confirm whether an offset has been made.

This letter is the final decision for your compensation application. There are no further administrative appeals that may be made concerning your claim.

If you have questions regarding this decision please write to the address above. You may also leave a message with your questions and contact information at 907-264-5499, and we will respond as soon as possible.

Sincerely,

*Robert Arnberger*

Robert L. Arnberger
Regional Director

Enclosure

Exhibit __F__
Page _2_ of _4_



United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
909 St. Joseph Street, Suite 201
Rapid City, South Dakota 57709

Appellant: Anthony Moran
File Number: ARO-02-136
Claim Category: Permit Holder, Tanner Pot and King Crab

### Recommended Decision

Background:

Anthony Moran (Appellant), filed an application for compensation as a Tanner pot and King crab permit holder under the terms of the Glacier Bay Commercial Fishing Compensation Plan (Compensation Plan). The application was denied by letter dated April 5, 2002 from the Superintendent, Glacier Bay National Park and Preserve because Appellant did not prove a history of commercial fishing as required by the Glacier Bay Compensation Plan.

Appellant filed timely appeal. At Appellant's request, a hearing was held on October 25, 2002 in Juneau, Alaska. Mr. Moran appeared in person and was represented by his counsel, Bruce Weybrauch. Mr. Ron Dick, Program Manager, and Mr. Jeff Reetz, Administrative Assistant, appeared in the capacity of support personnel on behalf of the National Park Service (NPS).

Analysis:

Appellant testified that he does not hold a current Tanner crab permit. It is further disclosed that the permit during the qualifying period was held by a Carl Aase, according to the official records of the Alaska Department of Fish & Game (ADF & G). The NPS records further disclose that Mr. Aase has filed a claim for compensation under this permit for the qualifying period (file #ARO-02-345).

The Compensation Plan makes it absolutely clear that active participation is a prerequisite to compensation:

> The purpose of distributing this money is to compensate for past, present, and future losses, so it follows that there needed to be a way of identifying who is active in the industry. Distributing compensation to inactive fishermen, processors, and crew constitutes a serious challenge to the fairness of a compensation program that is intended to compensate for future loss - of which retirees (regardless of age) have none. The NPS

ARO-02-136

has determined that proof of current participation in a fishery affected by Glacier Bay closures is required to qualify a permit holder, processor, or crew member for compensation.

This criterion is reiterated in detail under the eligibility and documentation requirements for permit holders (Compensation Plan, pages 18-19).

Appellant asserts that he acquired the fishing history from Mr. Aase by subsequent agreement, and subsequent to purchasing the boat through a United States Marshals' seizure sale on May 9, 1999. Appellant's counsel argues that since the state of Alaska divulged the confidential Commercial Fishing Entry Commission (CFEC) records to Appellant, he is the rightful owner of those records and entitled to claim the crab landings in Glacier Bay as his own.

Notwithstanding this convoluted logic and absent express authority for derivative claims, the fact remains that Appellant did not, and could not produce "copy of current permit for each fishery for which you are seeking compensation (Tanner pot, Tanner ring, halibut, Dungeness crab, power troll, hand troll, King crab and/or groundfish)" Compensation Plan, page 18. Absent this documentation, Appellant cannot be compensated.

<u>Recommendation</u>:

It is recommended that the decision of the Superintendent dated April 5, 2002 denying Appellant's application be affirmed.

_____  
Marcel S. Greenia,  
Administrative Law Judge

JAN 19  
Date

Concur:

_____  
Robert L. Arnberger, Regional Director

1/22/03  
Date

Exhibit F  
Page 4 of 4

2