Shane Carew, P.S.
ABA 9407067
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ANTHONY MORAN, )<br>      Plaintiff, )<br>                )<br>  vs.              )<br>                )<br>ESTATE OF AASE, )<br>                )<br>      Defendant )  | CASE NO. J02-011 CV (JWS) |

**REPLY RE RULE 11 MOTION**

This basically comes down to two questions:

A. Was there any existing law or nonfrivilous argument for a change in the law which would entitle Anthony Moran to Tanner crab permit holder compensation from the Glacier Bay Commercial Fisheries Compensation program (GBCFCP), when Anthony Moran didn't own a Tanner crab permit?

B. Was the Court misled into believing, at the time it entered default judgment for Anthony Moran that Anthony Moran had "submitted the necessary information in order to meet the requirements established by the Park Service"?

**Moran v. Estate of Aase
Reply Re Rule 11
J02-011 CV(JWS) - 1**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

**THERE WAS NO EXISTING LAW OR NONFRIVOLOUS ARGUMENT FOR A CHANGE IN THE LAW WHICH COULD ENTITLE ANTHONY MORAN TO TANNER CRAB PERMIT HOLDER COMPENSATION FROM THE GBCFCP**

The allegation in issue is: "Plaintiff submitted the necessary information to the Park Service in order to meet the requirements … to obtain compensation…". Complaint (Dkt. 1, Par. 11) and Amended Complaint (Dkt. 10, Par. 12).

In eighteen pages of argument in his Opposition, Mr. Weyhrauch did not cite one administrative ruling, not one judicial case (reported or unreported), not one authority of any kind, which would suggest that Tony Moran was entitled to be exempted from the requirement that applicants for GBCFCP Tanner crab permit holder compensation had to actually hold a Tanner crab permit. Mr. Moran did not hold a Tanner crab permit. Mr. Weyhrauch admits holding a permit was a requirement[1], although he references it as a "technical" requirement[2]. Yes, it is technical, about as technical as stating an Alaska resident Permanent Fund Dividend is intended for Alaska residents, or that a U.S. passport is intended only for U.S. citizens. It is technical, but fundamental.

Under no stretch of the imagination did Mr. Moran "meet the requirements established by the Park Service". Since Mr. Weyhrauch has failed to cite any basis for holding that Mr. Moran met the requirements, the Court should find that the

---

[1] "It is also true that the plan requires such a permit in its basic approach to awarding compensation." *Opposition,* p. 9.
[2] *Opposition,* p. 4.

**Moran v. Estate of Aase**
**Reply Re Rule 11**
**J02-011 CV(JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

allegation that plaintiff met "the requirements established by the Park Service" is sanctionable.

### WAS THE COURT MISLED INTO BELIEVING THAT PLAINTIFF WAS ENTITLED TO THE TANNER CRAB PERMIT HOLDER COMPENSATION UNDER THE GBCFCP?

Mr. Weyhrauch now argues that the paragraph was irrelevant and just "background".[3] Did the Court think the allegation was only "background"? Would the Court have taken $581,739.08 away from Carl Aase if it was aware Moran did not qualify for compensation under the GBCFCP?   Only the Court can answer these questions.   Citing Mr. Weyhrauch's own case authority, Defendant believes this was sanctionable as a "bad faith attempt to mislead the Court [and] obscure the real facts of the case." *Moser v. Bret Harte University High School District,* 366 F.Supp.2d 944 (E.D.Cal. 2005).

### THE COURT SHOULD EXERCISE ITS DISCRETION AND SANCTION COUNSEL FOR HIS REPRESENTATIONS AND OMISSIONS

Counsel downplays his conduct with new explanations and legal positions which weren't previously put forward by him.  More importantly, the new spin doesn't change the facts.

***Plaintiff's "Direct" vs. "Derivative" Argument***

Until he was facing a Rule 11 motion, Mr. Weyhrauch never once made a distinction between a "direct" or a "derivative" claim either to the agency or to the

---

[3] Though this is the first pleading wherein the allegations of the complaint in issue are referred to as "background", it must be very important to Mr. Weyhrauch that it now be considered irrelevant "background":  he uses the word "background" twenty times in his Opposition.

Moran v. Estate of Aase
Reply Re Rule 11
J02-011 CV(JWS) - 3

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

Court. He latched onto a word in *dicta* in the agency's ruling and is running with it. Mr. Weyhrauch now concedes Tony Moran was not "directly" entitled to Tanner crab permit holder compensation, because, well, of course, he never held a Tanner crab permit. Mr. Weyhrauch suggests he never meant to imply Mr. Moran was ever "directly" entitled to Tanner crab permit holder compensation. But Mr. Weyhrauch never made the distinction.

Mr. Weyhrauch now suggests that Mr. Moran's claim was only "derivative". An applicant with his own history, but no permit at the time of application, did not qualify for Tanner crab permit holder compensation. How can he argue that Moran, with neither history nor a permit, qualified for Permit Holder Compensation from the agency? The "direct" versus "derivative" language is used as a distraction. Mr. Weyhrauch still does not explain how someone with a so-called "derivative" claim "submitted the necessary information" if they didn't first hold a Tanner crab permit.

### "Parallel" but "Separate"

In addition to the theme that the allegations in issue were only "background", Mr. Weyhrauch hammers on a "parallel but separate" theme, as though it makes a difference.[4] Before both the Court and the agency, he argued that Moran had submitted the necessary information to meet the requirements established by the Park Service, and he was silent about Mr. Moran's unassailable deficiency of not actually being a Tanner crab permit holder. There is no confusion of "parallel" or

---

[4] "Parallel" is used 13 times, "separate" 19 times, and 8 times in conjunction.

Moran v. Estate of Aase  
Reply Re Rule 11  
J02-011 CV(JWS) - 4

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington 98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

"separate" representations.  It is the misrepresentation in the complaint that is in issue.

## COUNSEL'S SUGGESTIONS OF HIS GOOD FAITH ARE UNSUPPORTED BY THE RECORD

Mr. Weyhrauch makes some references to the agency record in an attempt to show his good faith.  The Court should not be misled.

> *" It is certainly true that plaintiff did not have, did not claim to have, and did not submit a Tanner crab  fishery permit*" Opposition, *p. 9.*

This suggestion of *bona fides* is surprising, because it shines a light on Mr. Weyhrauch's representations to the agency, which were anything but good faith. Although Mr. Weyhrauch knew Mr. Moran needed a Tanner crab permit to qualify, in the application to the Park Service he made references a different type of king crab permit.  But he made no mention that Mr. Moran didn't have a <u>Tanner</u> crab permit. Furthermore, he didn't justify or explain why he'd be entitled to make a claim despite not having a Tanner crab permit.    Mr. Weyhrauch was completely silent about the issue.

Instead, Mr. Moran's affidavit for the Permit Holder compensation states "A copy of my CFEC permit for red blue brown king pot is attached.  I am a current owner of an Alaska limited entry permit." Weyhrauch's Exhibit C, page 5.   Trying to confuse the agency by referring to an unrelated, irrelevant permit would be bad enough.  The mendacity is compounded, however, by the fact that Mr. Moran never at *any* time owned an Alaska limited entry permit for red blue brown king crab,

Moran v. Estate of Aase  
Reply Re Rule 11  
J02-011 CV(JWS) - 5

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington  98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

despite the wording of his affidavit.   It is telling that the purported attached crab permit is missing from the Exhibit.

"[Moran] *did not claim to hold a current Glacier Bay crab permit..."* Opposition, p. 5

This does not square with Mr. Weyhrauch's appeal letter to the agency of May 24, 2002.  Weyhrauch's Exhibit C, page 1. There, in the letter's heading,  Mr. Weyhrauch titles the letter "**Appeal of Anthony Moran as a Tanner and King Crab Permit Holder**" (bold in original).   Nowhere in the actual text of the letter did Mr. Weyhrauch suggest that Mr. Moran was <u>not</u> a holder of a Tanner crab permit.

Dated this 18th day of May, 2006, at Seattle, Washington.

/s/   Shane C. Carew
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

**CERTIFICATE OF SERVICE**

This certifies that on the 18th day of May, 2006, a true and correct copy of the document was served on:

Bruce Weyhrauch
Law Office of Bruce Weyhrauch, LLC
114 S Franklin Street, Suite 200
Juneau, AK 99801
whyrock@gci.net

James Reeves
Dorsey & Whitney LLP
1031 W Fourth Ave., Suite 600
Anchorage, AK  99501
reeves.jim@dorsey.com

by electronic means through e-mail and by first class, regular mail.

/s/   Shane C. Carew
Shane C. Carew

Moran v. Estate of Aase
Reply Re Rule 11
J02-011 CV(JWS) - 6

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388