UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| ANTHONY MORAN, ) | | |
| ) | | |
| Plaintiff, ) | | 1:02-cv-00011JWS |
| ) | | |
| vs. ) | | ORDER FROM CHAMBERS |
| ) | | |
| ESTATE OF AASE, ) | | [Re: Motion at docket 87] |
| ) | | |
| Defendant. ) | | |
| ) | | |

## I. MOTION PRESENTED

At docket 87, defendant moves for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure against Bruce Weyrauch, former counsel for plaintiff Anthony Moran. Weyrauch has filed an opposition. Oral argument has not been requested and would not be of aid to the court.

## II. BACKGROUND

The court has previously written at length on the background to this litigation.[1] The facts recited here are the minimum necessary for a reader to understand the issue presented and its disposition.

Weyrauch filed a complaint on behalf of his client, Anthony Moran, against the defendant's predecessor in interest, decedent Carl Aase, on May 6, 2002. The

---

[1] Doc. 93, pp. 1-5.

gravamen of that complaint was that Aase had transferred the fishing history of the *F/V NORTHWYN* to Moran. The fishing history was alleged to be that relevant to the receipt of certain compensation from the United States Park Service pursuant to the Glacier Bay Commercial Fishing Program ("Program"). The complaint recited that both Moran and Aase had applied for compensation under the Program. Moran sought an order requiring the Park Service to pay the compensation to Moran rather than Aase. The complaint was amended on September 11, 2002, to add the Park Service as a defendant.[2] The claim remained essentially unchanged and was based on the theory that Moran had purchased the fishing history necessary to an award under the Program. When Carl Aase did not answer Moran's complaint, Moran sought the entry of default, and Moran's default was entered by the Clerk.[3] Thereafter, Moran filed a motion for a default judgment against Moran which the court granted.[4] The court requested a proposed form of judgment from Moran, and Weyrauch submitted a judgment which the court entered. The text of the judgment proclaims:

> Plaintiff Anthony Moran is entitled to judgment against defendant Carl Aase as follows. Mr. Moran has a right to all funds from the United States Park Service that meet all four of these criteria: (1) funds finally awarded, and held or distributed, under the Glacier Bay Compensation Program; (2) designated for defendant Carl Aase; (3) as a Tanner crab permit holder; and (4) based on landings made from the F/V Northwyn.[5]

Eventually, the default judgment was reversed on appeal for reasons that do not bear on the issue at hand. Thereafter, the court granted summary judgment to defendant on the merits.[6]

---

[2]Doc. 10.

[3]Doc. 18.

[4]Doc. 25.

[5]Doc. 27.

[6]Doc. 93.

## III. DISCUSSION

Rule 11 is intended to eliminate abuses in pleadings, motions, and other written submissions to the court. Of particular relevance here, because it is the portion of Rule 11 upon which defendant relies, the rule requires that a plaintiff's claims "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law."[7] In a nutshell, defendant complains that Weyrauch misled the court by implying in his complaint and amended complaint (upon which the entry of default was predicated) that Moran was qualified as a matter of law to obtain an award under the Program, when he was not, and Weyrauch knew that he was not. In fact, Moran's application had been denied by the Park Service. According to defendant, "[t]he part of the [Park Services's] denial relevant to this motion [for sanctions] is: **'You have not provided proof of current State of Alaska commercial fishing permit ownership in the Tanner Crab fishery . . . .'**"[8]

Defendant says that the disposition of its motion for sanctions depends on whether the court was misled. Defense counsel frames the issue as follows: "The question really is this: did the Court understand when it entered judgment for plaintiff that plaintiff was not directly entitled to the agency award? If the Court was misled, and the Court feels this was material to the default judgment motion, Mr. Weyrauch should be sanctioned."[9] The court would condense defendant's description of the controlling consideration to say, "The question really is this: was an understanding that plaintiff was entitled to an award directly from the agency material to the decision to enter the default judgment?" The answer to that question is that such an understanding was not material to the entry of the default judgment. The court understood that its judgment meant that whatever award the agency had or would finally determine to pay to Carl Aase should in turn be paid over by Carl Aase to Anthony Moran based on the

---

[7] Fed. R. Civ. P. 11(b)(2). This aspect of the rule is clearly the basis for the pending motion. Doc. 87, p. 2.

[8] Declaration of Carew, doc. 88, ¶ 4 (emphasis in original).

[9] Doc. 87, p. 5.

Case 1:02-cv-00011-JWS   Document 95   Filed 06/07/06   Page 3 of 4

proposition that Carl Aase had sold his right to such compensation to Moran. Ultimately, the court held that the "Addendum" contract did not effect such a sale,[10] but that does not alter the fact that when the default judgment was entered, the court was not misled by Weyrauch into believing that Moran was entitled to a direct payment from the Park Service. That being so, defendant has failed to establish that Weyrauch violated Rule 11 for the reasons laid out in defendant's briefing.

### IV.  CONCLUSION

For the reasons above, the motion at docket 87 is **DENIED**. The court feels compelled to add that the motion at docket 87 appears to the court to be a fair request for a ruling based on a record from which it might not be apparent to defendant that the entry of the default judgment was not premised on a misleading statement by Weyrauch concerning Moran's possession of a Tanner Crab permit. In short, the court will NOT entertain a motion for sanctions under Rule 11 against defendant's counsel for his having brought the motion at docket 87.

DATED at Anchorage, Alaska, this 7th day of June 2006.


                                                               /s/
                                    JOHN W. SEDWICK
              UNITED STATES DISTRICT COURT JUDGE

---

[10] Doc. 93, p. 9.