James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>        Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>        Defendant. | Case No. J02-011 CV (JWS)<br><br>MOTION FOR RECONSIDERATION |

Pursuant to Local Rule 59.1 plaintiff moves for reconsideration of the Court's Order from Chambers dated June 1, 2006. The specific basis for reconsideration is that the Court misconstrued plaintiff's position concerning his unjust enrichment claim. It noted that the unjust enrichment/constructive trust theory is based on the proposition that the property with respect to which the claim is asserted rightfully belongs to the party asserting the claim; but it then mistakenly posited that the property at issue is the tanner crab limited entry permit evidently owned by Carl Aase. From this, it appears that the Court may have misunderstood plaintiff's argument. The property to which the plaintiff was entitled is the fishing history of the vessel. Since Aase improperly used that fishing history (which no longer belonged to Aase) to obtain Glacier Bay compensation with it,

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Motion for Reconsideration                      Moran v. Estate of Carl Aase
Page 1 of 3                                   Case No. J02-011 CV (JWS)

that resulting Glacier Bay compensation should rightfully belong to plaintiff. Plaintiff relies on two alternative bases for his claim that he was the rightful owner of the fishing history that Aase used to acquire the compensation: (1) it passed to him as an appurtenance to the vessel when he bought the vessel at the Marshal's sale, and (2) if that were not the case, it passed to him pursuant to the Addendum Agreement signed by the parties on December 17, 1999. It is this "property" (the fishing history and the resulting compensation), not the limited entry permit referred to by the Court in its Order from Chambers, that is the basis for the unjust enrichment/constructive trust claim.

Based on the foregoing, plaintiff respectfully requests that the Court reconsider its Order from Chambers dated June 1, 2006.

Respectfully submitted this 8th day of June, 2006.

           DORSEY & WHITNEY LLP
           Attorneys for Plaintiff

           By   /s/ James N. Reeves
              James N. Reeves, ABA #7206031
              Dorsey & Whitney LLP
              1031 West Fourth Avenue
              Suite 600
              Anchorage, AK  99501-5907
              (907) 276-4557
              reeves.jim@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Motion for Reconsideration           Moran v. Estate of Carl Aase
Page 2 of 3           Case No. J02-011 CV (JWS)

CERTIFICATE OF SERVICE
This certifies that on the 8th day of June, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136

Bruce Weyhrauch
Law Office of Bruce B. Weyhrauch, LLC
114 S. Franklin Street, Suite 200
Juneau, Alaska  99801

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Motion for Reconsideration                                                                                          Moran v. Estate of Carl Aase
Page 3 of 3                                                                                                                    Case No. J02-011 CV (JWS)