Shane Carew, P.S.
Attorney for Defendant
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,              )<br>         Plaintiff,         )<br>                              )<br>     vs.                    )<br>                              )<br>ESTATE OF CARL AASE,         )<br>                              )<br>         Defendant           )  | CASE NO. J02-011 CV (JWS) |

## MOTION FOR RELEASE OF FUNDS

On remand, this Court ruled in favor of the defendant Estate and granted the Estate judgment (Dkt. 93) but stated: " The clerk is further directed to retain funds on deposit in the court's registry pending conclusion of any further appellate proceedings <u>or further order of the court</u>." (emphasis added)

Defendant therefore seeks a "further order of the court."

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 1**

The order entered in this case at Dkt. 44 states that the $581,739.08 was to be paid into the registry of the Court, "where it will be held until appellate review, if any, of <u>this</u> judgment is final." (emphasis added) The appellate review of <u>that</u> judgment is final, and said judgment was reversed. Moran did not appeal the Ninth Circuit's appellate review.

The Estate is now entitled to an order releasing the funds. The government is out of the case and the plaintiff has waived his right to administrative appeal.

Defendant Estate acknowledges that it was appropriate, under the circumstances then present, to place the funds in the registry of the Court. The circumstances and facts have changed appreciably since then.

### *Distinction Between Reasons for Holding Funds in Registry After Default Judgment vs. Judgment on the Merits*

1.  <u>The United States Was Still a Party; Possible Prejudice to the U.S.</u>

There was reason to previously hold the funds in the registry of the Court. When the Court had previously ordered the funds into the Court registry, the United States was still a party. There would be at least an argument that if the funds had been released to the wrong party at that stage, the United States might still be liable.

The United States does not have a stake in this matter. Moran is on record as stating that he does not allege that the government did anything wrong in not directly awarding Moran the proceeds. Moran does not dispute that he was <u>not</u> directly entitled to the funds as a Permit Holder applicant. Thus, the U.S. can not be prejudiced by the funds being

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

distributed: it is completely out of the case.   This is not a matter of interpleader under 28 U.S.C. § 2361.  This matter is only between the estate and Anthony Moran.

2. <u>The Case Had Not Previously Been Resolved on the Merits</u>

The Court had previously entered judgment by default in Moran's favor.  Two vitally significant issues had not been revealed to the Court at that time: (a) that Moran could not qualify for Tanner Crab Permit Holder compensation because he was never, ever, a Tanner Crab Permit Holder; (b) that Moran never discussed the Glacier Bay compensation at the time the Addendum was signed, and only discussed the groundfish LLP rights.

There is a difference now from before.  The case has been resolved on the merits.  The government is not at risk for a claim to be made against it by either party. The Court now has undisputed facts which were not previously before it upon which to rule on and dispose of the case.

***Moran is Not Entitled to an Injunction or Prejudgment Attachment Under Either Federal Law or State Law***

Carl Aase had already been awarded the Glacier Bay compensation by the agency.   The agency has ruled that the funds were properly awarded to Carl Aase.  Moran does not now dispute Carl Aase qualified for the compensation from the agency.   Effectively, therefore, prohibiting the distribution of the funds to the Estate is now an injunction or prejudgment attachment of agency funds properly awarded to Carl Aase.   Moran is not entitled to an injunction or prejudgment attachment.

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 3**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

*Federal Law*

To get a restraining order or injunction under Fed.R.Civ.Pro. 65, Moran must show that "immediate and irreparable injury loss, or damage will result to the applicant".   Moreover, Moran would have to provide security under Rule 65(c) "for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined... "

The requirements for injunctive relief under federal law are enumerated in the dissent in *Grupo Mexicana v. Alliance Bond Fund*, *Inc.*, 527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed. 2d 319 (1999).

> Under standards governing preliminary injunctive relief generally, a plaintiff must show a likelihood of success on the merits and irreparable injury in the absence of an injunction. See *Doran* v. *Salem Inn, Inc.,* 422 U.S. 922, 931 (1975). Plaintiffs with questionable claims would not meet the likelihood of success criterion. See 11A Wright, Miller, & Kane, Federal Practice and Procedure §2948.3, at p. 184—188 (as a general rule, plaintiff seeking preliminary injunction must demonstrate a reasonable probability of success). The irreparable injury requirement would not be met by unsubstantiated allegations that a defendant may dissipate assets. See *id.*, §2948.1, at 153 ("Speculative injury is not sufficient."); see also Wasserman, *supra*, at 286—305 (discussing application of traditional preliminary injunction requirements to provisional asset-freeze requests). As the Court of Appeals recognized, provisional freeze orders would be appropriate in damages actions only upon a finding that, without the freeze, "the movant would be unable to collect [a money] judgment." 143 F.3d, at 697. The preliminary asset-freeze order, in short, would rank and operate as an extraordinary remedy.

Moran can't show a likelihood of success on the merits nor irreparable injury in the absence of an injunction.

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 4**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

*State Law*

Under Fed.R.Civ.Pro. 64, a federal court may adopt a state court's prejudgment attachment procedures.  Plaintiff has not sought a prejudgment attachment, and clearly is not entitled to one.  To obtain a prejudgment attachment under Alaska law, plaintiff bears the burden of establishing, by a preponderance of the evidence, "the <u>absence</u> of any <u>reasonable probability</u> that a successful defense can be asserted by the defendant." Alaska Civil Rule 89(d).[1]  Clearly, where this case has already been resolved in the Estate's favor on the merits, Moran cannot show an absence of reasonable probability that the Estate will prevail in its defenses.  The estate has <u>already</u> prevailed in its defenses.

The Court should order that the funds be distributed to the Estate.

Dated this 20th day of May, 2006, at Seattle, Washington.

/s/  *Shane C. Carew*
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
5450 California Ave. SW, #101
Seattle, WA  98136
Phone: (206) 587-0590
Fax: (206) 587-2388
shane@carewlaw.com

---

[1] Fed.R.Civ.Pro 64 incorporates state law regarding prejudgment attachments.  The state rule for prejudgment attachment is Civil Rule 89.

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 5**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388


## CERTIFICATE OF SERVICE

This certifies that on the 20th day of May, 2006, a true and correct copy of the document was served on:

James Reeves
Dorsey & Whitney LLP
1031 W Fourth Ave., Suite 600
Anchorage, AK  99501

Bruce Weyhrauch
Law Office of Bruce Weyhrauch, LLC
114 S Franklin Street, Suite 200
Juneau, AK 99801
whyrock@gci.net

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class, regular mail.

/s/ Shane Carew
Shane C. Carew, ABA #9407067
Shane Carew, PS

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 6**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388