Shane Carew, P.S.
Attorney for Defendant
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
Tel: 206.587.0590
Fax: 206.587.2388
shane@carewlaw.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN, ) | |
|     Plaintiff, ) | |
| ) | |
|   vs. ) | CASE NO. J02-011 CV (JWS) |
| ) | |
| ESTATE OF CARL AASE, ) | |
| ) | |
|     Defendant ) | |

### PROPOSED ORDER DIRECTING CLERK TO DISBURSE FUNDS

Defendant, the Estate of Carl Aase, brought on this motion for an order directing the clerk to release to the Defendant Estate $581,739.08 plus interest being held in the registry of the Court. The Court has reviewed the file, the memoranda of the parties, and all submissions in support and in opposition to the motion.

The National Park Service awarded $581,739.08 to Carl Aase. Plaintiff Anthony Moran filed this action alleging he had purchased the rights to said $581,739.08. Judgment by default was entered in Moran's

MORAN v. ESTATE OF AASE
J02-011CV (JWS) - 1

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

favor, and an order was entered at Docket 44 directing that the $581,739.08 was to be paid into the registry of the Court.

For reasons not relevant to the current issue, the Ninth Circuit reversed the default judgment and remanded. On remand, this Court ruled in favor of the defendant Estate and granted the Estate judgment (Dkt. 93).

The Estate is now entitled to an order releasing the funds. The government is out of the case. Previously, there was reason to hold the funds in the registry of the Court. When the Court had ordered the funds into the Court registry, the United States was still a party. If the funds had been disbursed at that time, an argument might have been made that the funds had been released to the wrong party, and the United States was therefore still liable for the award.

It is clear now that the United States does not have a stake in this matter. Plaintiff Moran now concedes that he was <u>not</u> directly entitled to the funds as a Permit Holder applicant. Plaintiff Moran has made it clear that this is only a dispute between Plaintiff and Defendant. Thus, the U.S. will not be prejudiced by the funds being distributed: it is completely out of the case. This is not a matter of interpleader under 28 U.S.C. § 2361.

The National Park Service ruled that the funds were properly awarded to Carl Aase. Plaintiff Moran does not now dispute Carl Aase qualified for the compensation from the agency.

Prohibiting the distribution of the funds to the Estate now would be the equivalent to an injunction or prejudgment attachment of agency funds

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 2**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington 98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

properly awarded to Carl Aase.   Moran has not asked for, and is not entitled to, an injunction or prejudgment attachment.

The requirements for injunctive relief under federal law are enumerated in in *Grupo Mexicana v. Alliance Bond Fund*, *Inc.*,  527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed. 2d 319 (1999).

Moran can't show a likelihood of success on the merits, as he has already lost on the merits.  Therefore, he is not entitled to injunctive relief barring the Estate of Aase from taking possession of the funds rightfully awarded by the National Park Service to Carl Aase. *Id.* [1]

Similarly, under Alaska law, to obtain a prejudgment attachment plaintiff bears the burden of establishing, by a preponderance of the evidence, "the absence of any reasonable probability that a successful defense can be asserted by the defendant." Alaska Civil Rule 89(d).[2] Clearly the plaintiff is not entitled to prejudgment attachment.

The Clerk is directed to disburse to counsel for the defendant the funds currently being held in the Clerk's control, less whatever fees the clerk is entitled to for maintenance of the funds.

Done this ___ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff has not shown irreparable injury in the absence of an injunction. Unsubstantiated allegations that a defendant may dissipate assets is insufficient. *See*, *Grupo Mexicana v. Alliance Bond Fund*, *Inc.*,  527 U.S. 308, 119 S.Ct. 1961, 144 L.Ed. 2d 319 (1999).

[2] Fed.R.Civ.Pro 64 incorporates state law regarding prejudgment attachments.  The state rule for prejudgment attachment is Civil Rule 89.

MORAN v. ESTATE OF AASE
J02-011CV (JWS) - 3

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

PRESENTED BY:

/s/ Shane C. Carew
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
5450 California Ave. SW, #101
Seattle, WA  98136
Phone: (206) 587-0590
Fax: (206) 587-2388
shane@carewlaw.com

## CERTIFICATE OF SERVICE

This certifies that on the 20th day of June, 2006, a true and correct copy of the document was served on:

James Reeves
Dorsey & Whitney LLP
1031 W Fourth Ave., Suite 600
Anchorage, AK  99501

Bruce Weyhrauch
Law Office of Bruce Weyhrauch, LLC
114 S Franklin Street, Suite 200
Juneau, AK 99801

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class, regular mail.

/s/ Shane Carew
Shane C. Carew, ABA #9407067
Shane Carew, PS

**MORAN v. ESTATE OF AASE**
**J02-011CV (JWS) - 4**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388