Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2006 WL 1072089 (D.Neb.)
**(Cite as: Slip Copy)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Nebraska.
METROPOLITAN LIFE INSURANCE
COMPANY, Plaintiff,
v.
Sallie J. NOVOTNY and Cheryl J. Novotny,
Defendants.
Sallie J. NOVOTNY, Cross-claim Plaintiff,
v.
Cheryl J. NOVOTNY, Cross-claim Defendant.
No. 8:04CV488.

April 21, 2006.

John A. Kinney, Grovier, Milone Law Firm, Richard
J. Henkenius, Omaha, NE, for Defendants.

ORDER
BATAILLON, J.
**\*1** This matter is before the court on cross-claim
defendant Sallie Novotny's motion for a stay, Filing
No. 33, which was filed contemporaneously with her
notice of appeal, Filing No. 32. In her motion to stay
the judgment and to enjoin disbursement of the funds,
Sallie Novotny asserts that a **supersedeas bond is
not necessary** for the reason that the funds at issue
are on deposit with the court's **registry**.

Under the Federal Rules, a party is entitled to a stay
as a matter of right if a supersedeas bond is posted.
Fed.R.Civ.P. 62(d). Alternatively, the party may
move for the court to exercise its discretion to waive
the bond requirement. Dillon v. City of Chicago, 866
F.2d 902, 904-05 (7th Cir.1988). Id. To determine
whether to waive the posting of bond, the district
court considers several criteria: (1) the complexity of
the collection process; (2) the amount of time
required to obtain a judgment after it is affirmed on
appeal; (3) the degree of confidence that the district
court has in the availability of funds to pay the
judgment; (4) whether the defendant's ability to pay
the judgment is so plain that the cost of a bond would
be a waste of money; and (5) whether the defendant
is in such a precarious financial situation that the
requirement to post a bond would place other
creditors of the defendant in an insecure position. Id.
Also, the district court has discretion to order a
partially secured or unsecured stay if the judgment

creditor's interest in ultimate recovery is not unduly
endangered. Federal Prescription Service, Inc. v.
American Pharm. Ass'n, 636 F.2d 755, 760-61
(D.C.Cir.1980).

The sum of $77,204.26 was deposited in the court's
registry in May 2003 and is being held in an interest-
bearing account at the annual rate of 3.07%. On
November 23, 2005, this court entered judgment in
favor of Cheryl Novotny and against Sallie Novotny
in the amount of 72,159.61, with interest at the legal
rate from the date of judgment. This court has also
awarded attorneys' fees to Cheryl Novotny in the
amount of $15,037.50, with interest from the
judgment date of April 21, 2006. Filing No. 49.
Although funds sufficient to satisfy the underlying
judgment are on deposit in the registry of the district
court, the funds are not sufficient to cover the award
of attorneys' fees in this court and a potential award
of attorneys' fees in the Court of Appeals, together
with interest from the dates of the respective
judgments.

Interest on the judgments of $72,159.71 and
$15,037.50 is accruing at the legal rate, which is
presently 4.77%. Generally, the appeal of an action
can take up to a year. Cheryl Novotny is likely to
incur another $10,000 to $15,000 in attorneys' fees on
appeal. At the current rates of interest, the balance
due on the substantive judgment is projected to be
$77,133.13 on April 15, 2007. The balance due on
the judgment for attorneys' fees is projected to be
$15,726.59 on that date. The balance in the registry
account on that date is projected to be $80,575.67.

**\*2** In consideration of the circumstances of the case,
the court finds that a supersedeas bond in the amount
of $25,000 will be sufficient to protect Cheryl
Novotny's interest. This amount represents the
difference between projected balances due on the
judgments and the projected balance of the registry
funds, together with a sum that approximates a
potential award of fees by the Eighth Circuit Court of
Appeals.

Accordingly, the court finds that Sallie Novotny's
motion for a stay pending appeal should be denied
unless she posts a supersedeas bond in the amount of
$25,000.00. Accordingly,

IT IS ORDERED that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                    Page 2
Slip Copy, 2006 WL 1072089 (D.Neb.)
**(Cite as: Slip Copy)**

1. Cross-claim defendant Sallie Novotny is granted ten days from the date of this order in which to post a supersedeas bond in the amount of $25,000.00;

2. If no bond is filed by that date, the Cross-claim defendant's motion for a stay will be denied and the clerk of court will be directed to disburse funds in the amount of judgment to cross-claim plaintiff Cheryl Novotny.

D.Neb.,2006.
Metropolitan Life Ins. Co. v. Novotny
Slip Copy, 2006 WL 1072089 (D.Neb.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 2598082 (Trial Pleading) Complaint (Oct. 4, 2004) Original Image of this Document (PDF)
• 8:04cv00488 (Docket) (Oct. 4, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.