James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br><br>                    Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>                    Defendant. | Case No. J02-011 CV (JWS)<br><br>RESPONSE IN OPPOSITION TO<br>MOTION FOR RELEASE OF FUNDS |

    On June 30, 2006, plaintiff filed a Notice of Appeal from the Judgment entered by this Court on June 2, 2006. In conjunction with the appeal, plaintiff seeks a stay of the enforcement of the judgment pursuant to Fed. R. Civ. P. Rule 62(d). In a related motion, defendant has requested that the Court order the release of the funds deposited in this action by the United States of America.

    Plaintiff is entitled to his day in court on appeal. Release of the funds deposited by the United States of America with this Court will result in their distribution by the defendant estate to creditors, heirs or devisees. That will extinguish the res that is the subject of the action. If the plaintiff were to prevail in the appeal, there would be no way to restore the funds to the Court. In fact, there is a good chance that the estate would be closed after it distributed the funds and it would not even bother to defend the judgment

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Response in Opposition to Motion for Release of Funds       Moran v. Estate of Carl Aase
Page 1 of 3                                                  Case No. J02-011 CV (JWS)

on appeal because the outcome would have no practical significances.

In short, plaintiff would be deprived of his right to an appeal if the funds were disbursed now. For this reason, the Court was correct in its Order from Chambers entered on June 1, 2006, requiring that the funds deposited in the Court's registry should remain there "pending conclusion of any further appellate proceedings."[1]

As authority for the position taken here, plaintiff refers the Court to the U.S. District Court's Order entered on April 21, 2006, in <u>Metropolitan Life Insurance Company v. Novotny</u>, 2006 WL 1072089 (D. Neb.), a copy of which is attached for ease of reference. That case, like this one, involved a dispute between two opposing parties concerning the right to certain funds that had been deposited in the Court's registry by a third party. The funds were awarded to one of the two contending opponents, and the loser appealed. The party taking the appeal sought a stay of the enforcement of the judgment to prevent disbursement of the funds, asserting that a supersedeas bond would not be necessary in light of the fact that the funds could remain on deposit with the Court's registry during the pendency of the appeal. The Court agreed that the funds should remain on deposit and that enforcement of the judgment should be stayed pending appeal.

---

[1] Associated with this question of whether the funds should be released, thereby effectively extinguishing plaintiff's opportunity to appeal, is the question of whether plaintiff should be required to file a bond to ensure that the defendant receives the benefit of the judgment in the event that the judgment is affirmed on appeal. Under normal circumstances, when a court enters a judgment awarding money damages in favor of one party a supersedeas bond is required to accomplish this. No supersedeas bond is required in this case, however, because the funds that were awarded to the defendant will remain in the Court's custody during the appeal. The Court's January 16, 2004, Order directed that the funds be placed in an interest-bearing account. This ensures that if the judgment is affirmed the defendant will receive the funds and the interest earned on the funds during the pendency of the appeal. Plaintiff has filed a motion for stay addressing this issue.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

Response in Opposition to Motion for Release of Funds                           Moran v. Estate of Carl Aase
Page 2 of 3                                                                                     Case No. J02-011 CV (JWS)

Respectfully submitted this 11th day of July, 2006.

DORSEY & WHITNEY LLP
Attorneys for Plaintiff


By   /s/ James N. Reeves
   James N. Reeves, ABA #7206031
   Dorsey & Whitney LLP
   1031 West Fourth Avenue
   Suite 600
   Anchorage, AK  99501-5907
   (907) 276-4557
   reeves.jim@dorsey.com

CERTIFICATE OF SERVICE
This certifies that on the 11th day of July, 2006,
a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136


by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.


/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557