## Westlaw.

Slip Copy  
Slip Copy, 2006 WL 1072089 (D.Neb.)  
**(Cite as: Slip Copy)**

Page 1

**H**  
Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court, D. Nebraska.  
METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,  
v.  
Sallie J. NOVOTNY and Cheryl J. Novotny, Defendants.  
Sallie J. NOVOTNY, Cross-claim Plaintiff,  
v.  
Cheryl J. NOVOTNY, Cross-claim Defendant.  
**No. 8:04CV488.**

April 21, 2006.

John A. Kinney, Grovier, Milone Law Firm, Richard J. Henkenius, Omaha, NE, for Defendants.

### ORDER

BATAILLON, J.

*1 This matter is before the court on cross-claim defendant Sallie Novotny's motion for a stay, Filing No. 33, which was filed contemporaneously with her notice of appeal, Filing No. 32. In her motion to stay the judgment and to enjoin disbursement of the funds, Sallie Novotny asserts that a **supersedeas bond** is **not necessary** for the reason that the funds at issue are on deposit with the court's **registry**.

Under the Federal Rules, a party is entitled to a stay as a matter of right if a supersedeas bond is posted. Fed.R.Civ.P. 62(d). Alternatively, the party may move for the court to exercise its discretion to waive the bond requirement. *Dillon v. City of Chicago,* 866 F.2d 902, 904-05 (7th Cir.1988). *Id.* To determine whether to waive the posting of bond, the district court considers several criteria: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Id.* Also, the district court has discretion to order a partially secured or unsecured stay if the judgment creditor's interest in ultimate recovery is not unduly endangered. *Federal Prescription Service, Inc. v. American Pharm. Ass'n,* 636 F.2d 755, 760-61 (D.C.Cir.1980).

The sum of $77,204.26 was deposited in the court's registry in May 2003 and is being held in an interest-bearing account at the annual rate of 3.07%. On November 23, 2005, this court entered judgment in favor of Cheryl Novotny and against Sallie Novotny in the amount of 72,159.61, with interest at the legal rate from the date of judgment. This court has also awarded attorneys' fees to Cheryl Novotny in the amount of $15,037.50, with interest from the judgment date of April 21, 2006. Filing No. 49. Although funds sufficient to satisfy the underlying judgment are on deposit in the registry of the district court, the funds are not sufficient to cover the award of attorneys' fees in this court and a potential award of attorneys' fees in the Court of Appeals, together with interest from the dates of the respective judgments.

Interest on the judgments of $72,159.71 and $15,037.50 is accruing at the legal rate, which is presently 4.77%. Generally, the appeal of an action can take up to a year. Cheryl Novotny is likely to incur another $10,000 to $15,000 in attorneys' fees on appeal. At the current rates of interest, the balance due on the substantive judgment is projected to be $77,133.13 on April 15, 2007. The balance due on the judgment for attorneys' fees is projected to be $15,726.59 on that date. The balance in the registry account on that date is projected to be $80,575.67.

*2 In consideration of the circumstances of the case, the court finds that a supersedeas bond in the amount of $25,000 will be sufficient to protect Cheryl Novotny's interest. This amount represents the difference between projected balances due on the judgments and the projected balance of the registry funds, together with a sum that approximates a potential award of fees by the Eighth Circuit Court of Appeals.

Accordingly, the court finds that Sallie Novotny's motion for a stay pending appeal should be denied unless she posts a supersedeas bond in the amount of $25,000.00. Accordingly,

IT IS ORDERED that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2006 WL 1072089 (D.Neb.)  
**(Cite as: Slip Copy)**

Page 2

1. Cross-claim defendant Sallie Novotny is granted ten days from the date of this order in which to post a supersedeas bond in the amount of $25,000.00;

2. If no bond is filed by that date, the Cross-claim defendant's motion for a stay will be denied and the clerk of court will be directed to disburse funds in the amount of judgment to cross-claim plaintiff Cheryl Novotny.

D.Neb.,2006.  
Metropolitan Life Ins. Co. v. Novotny  
Slip Copy, 2006 WL 1072089 (D.Neb.)

Briefs and Other Related Documents (Back to top)

• 2004 WL 2598082 (Trial Pleading) Complaint (Oct. 4, 2004) Original Image of this Document (PDF)  
• 8:04cv00488 (Docket) (Oct. 4, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.