Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
206.587.0590

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

| | |
|---|---|
| ANTHONY MORAN,<br>　　　　Plaintiff,<br><br>　　vs.<br><br>ESTATE OF CARL AASE<br><br>　　　　Defendant | CASE NO. J02-011 CV (JWS) |

## REPLY MEMO RE MOTION TO DISBURSE FUNDS

This is not a typical interpleader action.  Plaintiff has taken the position that the National Park Service did not illegally deny plaintiff Moran compensation.  Plaintiff has not challenged that defendant Carl Aase did qualify to be awarded compensation.  Plaintiff's only mission, apparently, was to nab the funds that were already awarded to Carl Aase.

The purpose of the interpleader act is remedial, aimed at assisting a party who fears the vexation of defending multiple claims to property under its control by providing it the opportunity to litigate all claims in a single proceeding.  *N.Y. Life Distributors, Inc. v. Adherence Group, Inc.,* 72 F.3d

**MORAN v. ESTATE OF AASE**　　　　　　　CAREW LAW OFFICE
**J02-011CV(JWS)**　**- 1**　　　　　　　　5450 California Avenue SW, Suite 101
　　　　　　　　　　　　　　　　　　　　Seattle, Washington  98136
　　　　　　　　　　　　　　　　　　　　Telephone: (206) 587-0590
　　　　　　　　　　　　　　　　　　　　Fax: (206) 587-2388

1  371 (3d Cir. 1995). As is now apparent, however, the United States didn't
2  have to defend against "multiple claims" to the Glacier Bay Compensation
3  "under its control".
4      In this circuit, the nuances of a federal interpleader action were
5  explored in *Texaco, Inc. v. Ponsoldt*, 118 F.3d 1367 (9th Cir. 1997). "[T]he
6  general purpose of an interpleader action is to decide the validity and
7  priority of *existing claims* to a res."   *Id.* at 1369.(emphasis in original).
8      Plaintiff Moran was not entitled to receive the funds in his own right
9  from the National Park Service. He did not have rights to those funds *per*
10 *se*. Moran now asserts his position was that his rights were only
11 "derivative" : that Carl Aase was entitled to the funds, but Carl transferred
12 them to Moran.
13     In *Texaco, Inc. v. Ponsoldt, supra,* the parties entered into a
14 settlement agreement for $500,000.00. Two non-parties, judgment
15 creditors from other matters against Ponsoldt, filed garnishments against
16 the settlement proceeds. " [I]nterpleader actions focus on the claimants'
17 rights <u>at the time an interpleader action is filed</u>." *Ponsoldt*, at 1369
18 (emphasis added). Plaintiff Moran did not have any rights in the funds held
19 by the National Park Service, nor did he have a judgment from any other
20 action.
21     Plaintiff Moran apparently claims he had a contract with Carl Aase to
22 pay the Glacier Bay funds over to him, but if that is the case, that obligation
23 wasn't triggered until Carl Aase received the funds.
24
25 **MORAN v. ESTATE OF AASE**              CAREW LAW OFFICE
   **J02-011CV(JWS)**  **- 2**              5450 California Avenue SW, Suite 101
                                            Seattle, Washington 98136
                                            Telephone: (206) 587-0590
                                            Fax: (206) 587-2388

**CONCLUSION**

This is not an interpleader action where two parties have good faith claims against a third party for entitlement to receive funds from that third party. Unusual facts led to the National Park Service depositing the funds in the registry of the Court, but the National Park Service never arguably directly owed the funds to plaintiff Moran. Moran had no rights in, nor claim to, the funds in his own right at the time the "interpleader" action was filed. He is not entitled to the Glacier Bay Compensation funds from the National Park Service. The funds should be paid over to the Estate.

Dated this 12 th day of July, 2006, at Seattle, Washington.

/s/ _____
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
Estate of Aase

**CERTIFICATE OF SERVICE**

This certifies that on the 12th day of July, 2006, a true and correct copy of the document was served on:

| | |
|---|---|
| James Reeves | Bruce Weyhrauch |
| Dorsey & Whitney LLP | Law Office of Bruce Weyhrauch, LLC |
| 1031 W Fourth Ave., Suite 600 | 114 S Franklin Street, Suite 200 |
| Anchorage, AK  99501 | Juneau, AK 99801 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class, regular mail.

/s/ Shane Carew
Shane C. Carew, ABA #9407067
Shane Carew, PS

**MORAN v. ESTATE OF AASE**
**J02-011CV(JWS)   - 3**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388