Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, WA 98136
206.587.0590

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA
# AT JUNEAU

ANTHONY MORAN,
    Plaintiff,

vs.    CASE NO. J02-011 CV (JWS)

ESTATE OF CARL AASE

    Defendant

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY

Plaintiff's motion for stay is not well taken.  His stated grounds for this relief are unsupported and unsupportable.

Plaintiff was not entitled to a judgment against the United States for a direct claim to the Glacier Bay Compensation funds.  This he concedes.

This Court has determined as a matter of law that plaintiff has not proven a contract or any other claim against the Estate entitling plaintiff to the funds.

Therefore, for Plaintiff to tie up Defendant's property, he must establish grounds permitting such extraordinary relief.  Plaintiff has not

**MORAN v. ESTATE OF AASE**
**J02-011CV(JWS)  - 1**

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388

supplied any evidence in the form of affidavits, or even reference to the record, to support such extraordinary relief.

The United States Supreme Court has established standards for granting a Rule 62 stay.

> Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal. See Fed. Rule Civ. Proc. 62(c); Fed. Rule App. Proc. 8(a). Under both Rules, however, the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. See, e. g., Virginia Petroleum Jobbers Assn. v. FPC, 104 U.S. App. D.C. 106, 110, 259 F.2d 921, 925 (1958); Washington Metropolitan Area Comm'n v. Holiday Tours, Inc., 182 U.S. App. D.C. 220, 221-222, 559 F.2d 841, 842-844 (1977); Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (CA11 1986); Accident Fund v. Baerwaldt, 579 F. Supp. 724, 725 (WD Mich. 1984).

*Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L. Ed. 2d 724 (1987)[1].

Looking at the U.S. Supreme Court's factors, Moran's motion fails dramatically.

1. <u>Moran cannot make a "strong showing" that he is "likely" to succeed on the merits.</u> The plaintiff has not even bothered to state his grounds for appeal, so the Court can evaluate the likelihood of his

---

[1] This was a habeas proceeding. At issue was the same Fed.R.Civ.Pro. 62 because habeas proceedings are generally considered civil in nature. *Hilton, supra,* 481 U.S. at 776.

MORAN v. ESTATE OF AASE  
J02-011CV(JWS)   - 2

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington 98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

1  prevailing on appeal. Although Moran's theories have been in constant
2  evolution, his "current legal position"[2] hinges upon equitable theories of
3  relief. He states, in summary: "This is a case about unjust enrichment and
4  the application of the constructive trust theory…" Plaintiff's Response to
5  Motions for Summary Judgment, Dkt. 84, p.5.

6       Equitable relief is discretionary. Moran bought the fishing vessel for
7  one-tenth its value at a Marshal's sale; he bought $13,000 worth of
8  groundfish rights for $3,000, and never mentioned the Glacier Bay
9  compensation in the sales agreement or negotiations. Moran never
10 qualified for Permit Holder compensation from the agency. Moran is not
11 going to convince the Ninth Circuit that it is "fundamentally wrong"[3] that he
12 did not receive the $581,739.08 instead of Carl Aase. It is time for a reality
13 check: Moran is simply incapable of a "strong showing" that he is "likely" to
14 prevail in his appeal and at a subsequent trial.

15     2. <u>Moran has not submitted any evidence that he will be irreparable
16 injured absent a stay.</u> The award belongs to the estate, as decided by the
17 National Park Service. It is as simple as that. Moran does not allege the
18 National Park Service did something illegal. The money should have
19 transferred when the agency distributed the awards.

20     Moran will not be "irreparably injured". An "irreparable injury"
21 showing is not met by unsubstantiated allegations that a defendant may

---

[2] Dkt. 84, Plaintiff's Response to Motions for Summary Judgment , p. 2
[3] Dkt. 84, Plaintiff's Response to Motions for Summary Judgment , p. 2

MORAN v. ESTATE OF AASE  
J02-011CV(JWS)  - 3

CAREW LAW OFFICE  
5450 California Avenue SW, Suite 101  
Seattle, Washington 98136  
Telephone: (206) 587-0590  
Fax: (206) 587-2388

1  dissipate assets. *See, Grupo Mexicana v. Alliance Bond Fund, Inc.*, 527
2  U.S. 308, 119 S.Ct. 1961, 144 L.Ed. 2d 319 (1999) (dissent).
3      The Estate cannot be closed while there are claims pending and
4  while it is engaged in litigation.  Moran does not articulate nor provide any
5  evidence that a potential judgment against the Estate is not collectible.  At
6  the time of his death, Carl Aase owned not only the right to the Glacier Bay
7  Compensation, but the tanner crab permit itself.
8      The sole heir of the Estate is Carl's only daughter, Angela Elam.
9  Angela Elam has been married for nine and one-half years to the same
10 person, Bryon Elam.  Bryon has been employed 14 years with the same
11 company, since he was 18 years old.  They have lived in their house, which
12 they own, for eight years.  They have three children.  They are not going
13 anywhere.  *See*, Declaration of Angela Elam
14     3.  <u>There is no "public interest" in this case whatsoever.</u>  The public
15 doesn't have an interest in tying up the Estate's funds. *See, Hilton v.*
16 *Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L. Ed. 2d 724 (1987)
17 (considering whether releasing a habeas corpus petitioner convicted of
18 sexual assault might endanger the community was in the public interest,
19 and a factor in a Rule 62 stay).
20
21
22 **CONCLUSION**
23     Plaintiff has not even attempted to submit evidence to support a stay
24 under Rule 62, in accord with Supreme Court guidelines.  He hasn't met the

25 MORAN v. ESTATE OF AASE      CAREW LAW OFFICE
J02-011CV(JWS)  - 4      5450 California Avenue SW, Suite 101
    Seattle, Washington  98136
    Telephone: (206) 587-0590
    Fax: (206) 587-2388

requirements in *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L. Ed. 2d 724 (1987). The funds should be paid over to the Estate immediately.

Dated this 13th day of July, 2006, at Seattle, Washington.

/s/_____
Shane C. Carew
Alaska Bar No. 9407067
Counsel for Defendant
Estate of Aase

**CERTIFICATE OF SERVICE**

This certifies that on the 13th day of July, 2006, a true and correct copy of the document was served on:

| | |
|---|---|
| James Reeves | Bruce Weyhrauch |
| Dorsey & Whitney LLP | Law Office of Bruce Weyhrauch, LLC |
| 1031 W Fourth Ave., Suite 600 | 114 S Franklin Street, Suite 200 |
| Anchorage, AK  99501 | Juneau, AK 99801 |

by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class, regular mail.

/s/ Shane Carew
Shane C. Carew, ABA #9407067
Shane Carew, PS

MORAN v. ESTATE OF AASE
J02-011CV(JWS)   - 5

CAREW LAW OFFICE
5450 California Avenue SW, Suite 101
Seattle, Washington  98136
Telephone: (206) 587-0590
Fax: (206) 587-2388