James N. Reeves, ABA #7206031
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU

|  |  |
|---|---|
| ANTHONY MORAN,<br><br>         Plaintiff,<br><br>vs.<br><br>ESTATE OF CARL AASE,<br><br>         Defendant. | Case No. J02-011 CV (JWS)<br><br>PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR STAY |

Plaintiff, having appealed, is entitled to a stay in order to preserve the status quo. His right to the stay is subject only to the condition that there be a fair arrangement to protect the defendant so that if the judgment is affirmed the defendant will receive all that the defendant is entitled to receive. If this can be accomplished, a stay must be granted. The defendant has no right to receive the money now, distribute the money and thereby frustrate the plaintiff's right to judicial review.

The rule upon which the defendant relies in opposing the motion for stay, based upon a federal habeas corpus case, Hilton v. Braunskill, 481 U.S. 770 (1987), applies in the case of a proceeding involving stakes other than money. In Hilton v. Braunskill, the issue involved staying the effect of an order to release a prisoner. When the appeal involves the payment of money, and the payment of that money can be ensured either by

DORSEY & WHITNEY LLP
1031 West 4th Avenue,
Suite 600
Anchorage, AK 99501
(907) 276-4557

a bond or by other means, then issues of likelihood of success on appeal, irreparable injury absent a stay and "public interest" are not material.  "The stay issues as a matter of right in cases within Rule 62(d), and is effective when the supersedeas is approved by the court."  Wright, Miller & Kane, <u>Federal Practice and Procedure</u>:  Civil 2d § 2905, page 520.  The only question to be determined is whether a supersedeas bond is necessary at all in this case and, if so, what amount of bond should be required.  <u>Id.</u>  For the reasons stated in his opening brief, plaintiff submits that the Court should require only a minimal supersedeas bond or alternative cash deposit in lieu of bond, if any at all.  If the defendant prevails in the appeal the defendant will indeed receive the money that this Court awarded to it.  There is absolutely no risk whatsoever to the defendant on this issue.

Respectfully submitted this 21st day of July, 2006.

DORSEY & WHITNEY LLP
Attorneys for Plaintiff


By   /s/ James N. Reeves
    James N. Reeves, ABA #7206031
    Dorsey & Whitney LLP
    1031 West Fourth Avenue
    Suite 600
    Anchorage, AK  99501-5907
    (907) 276-4557
    reeves.jim@dorsey.com

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue,
Suite 600
Anchorage, AK  99501
(907) 276-4557

Plaintiff's Reply to Opposition to Motion for Stay    Moran v. Estate of Carl Aase
Page 2 of 3    Case No. J02-011 CV (JWS)

CERTIFICATE OF SERVICE

This certifies that on the 21st day of July, 2006,

a true and correct copy of the document was served on:

Shane Carew, P.S.
5450 California Avenue S.W.
Suite 101
Seattle, Washington  98136

by electronic means through the ECF system
as indicated on the Notice of Electronic Filing,
or if not confirmed by ECF, by first class regular mail.

/s/ James N. Reeves
James N. Reeves, ABA #7206031
Dorsey & Whitney LLP

Plaintiff's Reply to Opposition to Motion for Stay    Moran v. Estate of Carl Aase
Page 3 of 3    Case No. J02-011 CV (JWS)